JOHN WHITEHOUSE, *pet'r*, *versus* ANDROSCOGGIN R. R. Co.

A jury appointed to estimate damages for land taken by a railroad company,
   should not include in their verdict, damages occasioned by the neglect of
   the company *to remove* the stones thrown upon the petitioner's land, by
   blasting, while grading their road.

It should include damages caused by blasting.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presid-
ing.

.    The facts sufficiently appear in the opinion of the Court.

*Gilbert & Sewall*, for the respondents.

The petitioner's brief does not indicate who made it. ·

The opinion of the Court was drawn by

DAVIS, J. — The petitioner, being dissatisfied with the
amount of damages awarded him by the County Commis-
sioners, for land taken by the Androscoggin Railroad Com-
pany, applied for a jury to estimate his damages.    A war-
rant for a jury was issued, the parties were duly heard, and
a verdict was returned to this Court, to the confirmation of
which the defendants have excepted.    Two questions of law
are presented by the case.

The jury were instructed by the sheriff that they might
consider, in their award of damages, injuries caused by

rocks thrown out upon the petitioner's land by blasting, "*and not removed by said company.*"

In grading their railroad, the company have the right, so far as may be necessary, to remove the loose or solid rock by blasting. This is one of the necessary incidents to the right of construction granted by the Legislature. It may be exercised, therefore, though injury is thereby caused to the adjacent lands. And the jury may properly take such injury, already done, or likely to be done if the railroad has not been graded, into consideration, in their estimate of damages. *Dodge* v. *County Commissioners*, 3 Met., 380.

But it is the duty of the railroad company to remove the stones thus thrown out, within a reasonable time. The jury are to presume that they will execute their work properly. They cannot award damages on the supposition that there will be any breach of duty. They can only embrace in their estimate, injuries caused by the acts of the company which are authorized by their charter. Pierce's Am. Railway Law, 169, and cases cited; *Dearborn* v. *B. C. & M. Railroad Co.*, 4 Foster, 179. And, if the way has already been graded, and the company have been guilty of negligence, in doing anything not authorized, or neglecting to do anything required, damages cannot be awarded for this. The neglect *to remove* the stones thrown upon the petitioner's land by blasting, was an injury for which his remedy was by an action at law. The jury should not have embraced it in their verdict. *Sabin* v. *Vermont Central Railroad Co.*, 25 Vt., 363.

As the exceptions must be sustained, there is no necessity that we should express any opinion upon the other questions presented.

APPLETON, C. J., WALTON, DICKERSON and BARROWS, JJ., concurred.