## MERRILL G. BEARD v. THOMAS MURPHY.

*Practice. Action on the Case. Water Course.*

If a party claims that an error has been committed upon the trial, against his legal rights, he must make it appear affirmatively upon the record.

If a man violates the rights of another by a wrongful act, the latter has the right by law in a peaceable way to prevent it, and save himself from harm if he can, and to use the necessary means to that end, even if such means produce some incidental hurt or damage to the former.

The surface water flowed naturally from the plaintiff's land on to the land of the defendant. The plaintiff was in the habit of pouring filthy water from his kitchen on to the defendant's premises, which ran into and injured the defendant's well. *Held*, that after giving notice, the defendant might erect an obstruction so as to prevent this injury even if it resulted in turning back the surface water on to the plaintiff's land to his injury.

ACTION ON THE CASE for damages alleged to have been caused to the plaintiff by an excavation made by the defendant upon his land, lying adjacent to that of the plaintiff, and for other damages. Plea, the general issue. Trial by jury, January Term, 1863, PECK, J., presiding.

The plaintiff and defendant were adjoining land owners. A few years previous to the grievance complained of the plaintiff or his grantors erected some buildings on his lot, the underpinning wall of which, on one side, was built on the division line, sunk some two or three feet below the surface, and built about as far above the surface.

In the years 1858–9 the defendant erected a building on his lot opposite the plaintiff's buildings, and excavated for a cellar and underpinning wall close up to the said wall of the plaintiff.

The plaintiff's evidence tended to show that the defendant dug his trench about three feet below the bottom of the plaintiff's wall, and that without giving any notice to the plaintiff, and thereby caused his said wall to settle, and his barn to sag and reach over a little; that he notified the defendant of the effect of his digging, and they agreed to build a joint wall together, sufficient for both buildings to rest upon, and proceeded under said agreement.

The defendant's evidence tended to show that he gave notice to the plaintiff before he began to dig, and that the sagging of the plaintiff's buildings was caused by digging the trench for their joint

wall, under their said agreement. The plaintiff's evidence also tended to show that when his kitchen was built it was necessary to fill in dirt on the inside of the underpinning wall to the kitchen, and the effect of the defendant's said digging was to cause the wall to this kitchen to settle so that this dirt ran over the wall on to the defendant's land.

It further appeared that the land descended from the plaintiff's kitchen door towards the defendant's lot, so that the surface water flowed on to the defendant's land. Not far from the division line between the lots the defendant had a well which supplied his house with water. The plaintiff and his tenants were in the habit of throwing filthy water from their kitchen under the line fence and on to the defendant's land, and the same flowed on the defendant's land to his said well and rendered the water in it unfit for use. To prevent this injury the defendant put up a board and filled in with clay, so as to turn off such filthy water from his well, and in doing so caused the surface water that naturally flowed on to his land from the plaintiff's land, to turn off into a well of the plaintiff, to its injury. The defendant's evidence tended to show that he notified the plaintiff and his tenants of the effect of their slops upon his well, and requested them to desist, but they still continued the practice.

The plaintiff's counsel requested the court to charge the jury that if they found that the defendant's digging was done without notice to the plaintiff, and caused injury to the plaintiff, the defendant was liable for the injury; that if the plaintiff's land slid off on to the defendant's land, either under or over the plaintiff's underpinning wall, in consequence of the defendant's excavation, and that this was made without notice to the plaintiff, then the plaintiff is entitled to recover.

The court told the jury that if the defendant supposed, or had any reasonable ground to suppose that his digging would cause any damage or injury to the plaintiff's wall or building, or if a prudent and skilful man in such matters would have supposed, or had any reason to suppose such digging would be likely to have that effect, then the defendant was bound to give such previous notice to the plaintiff that he was about to dig there in the manner he did dig, and that in such case a neglect to give such notice would make the defendant liable for all the injury done by the digging he did before such notice to the

Beard *v.* Murphy.

plaintiff. That otherwise the defendant would not be liable from the mere fact alone of not giving notice.

To the neglect to charge agreeably to such request, and to the part of the charge above detailed, the plaintiff excepted.

The substance of the charge in respect to the defendant's turning the surface water on to the plaintiff's land so as to injure his well is given in the opinion of the court. To this also the plaintiff excepted. Verdict for the defendant—exceptions by the plaintiff.

*Dickey & Clark*, for the plaintiff, maintained that there are two classes of cases in the books. (1.) Where an adjoining proprietor digs upon his ground so near his neighbor's land as to disturb his walls and buildings. (2.) Where by such digging he removes the support of his neighbor's soil so that it slides off.

In the first case he is bound to exercise skill, care, and prudence in the manner of his digging, and if a prudent and skilful man would have reason to apprehend danger, he would be bound to give his neighbor reasonable notice of his intention to dig, that he may protect his property from injury.

But the latter case does not involve a question of negligence at all. The right of the plaintiff to his soil is absolute, and so his right to support for it against his neighbor's soil, and the defendant had no right to disturb it in any way. It is not a question of *reasonable* support. *Jones* v. *Bird*, 5 B. & Ad. 837, (7 E. C. L. 455) ; *Wyatt* v. *Harrison*, 3 B. & Ad. 870, (23 E. C. L. 380) ; *Dodd* v. *Holme*, 1 Ad. & El. 493, (28 E. C. L. 240) ; *Massey* v. *Goyder*, 4 C. & P. 161, (19 E. C. L. 456), are cases of the first class.

*Richardson* v. *Vt. C. R. R. Co.*, 25 Vt. 465 ; *Thurston* v. *Hancock*, 12 Mass. 220 ; *Humphries* v. *Brogden*, 12 Ad. & El. 739, (64 E. C. L. 739) ; 2 Hill. on Torts 9 and 10 ; *Sutton* v. *Clarke*, 6 Taunt. 44.

The defendant had no right to obstruct the waste water so as to turn the surface water back on to the plaintiff's land to his injury.

*R. McK. Ormsby*, for the defendant.

POLAND, Ch. J. It is now well settled that the owner of land is entitled to have it supported and protected in its natural condition, by the land of his adjoining proprietor, and that if such adjoining owner remove such natural support, whereby the soil of the former is disturbed, or falls away, he is legally liable for all damage so occa-

Beard *v.* Murphy.

sioned. And we are not prepared to say but that the plaintiff's counsel are quite right in saying that his liability in such case cannot be made to depend upon his mode of doing the act, or whether he acted prudently or negligently, in reference to what would be the probable effect of his act upon his neighbor's land. This view is supported by the case of *Humphries* v. *Brogden,* 12 Ad. & El. 739, which is a very thoroughly considered case, and we are inclined to believe the current of decisions will be found in conformity with that, but we have not deemed it necessary to enter into any extended examination of the cases.

It is also equally well settled, that the owner of land is not entitled to claim the support of the adjoining soil for any artificial structure he may erect upon his land, which increases the lateral pressure, and that for any damages to such artificial structure, caused by the removal of the natural support of the soil by such adjacent proprietor, he is not liable, unless he is guilty of carelessness and negligence in his manner of making the removal, or he fails to give prior notice thereof to the owner of the structure, so that he may take the necessary measures for the protection and preservation of his property from the consequences of such act. See *Richardson* v. *Vt. Central R. R. Co.,* 25 Vt. 465, and cases cited.

The plaintiff concedes that the charge of the court to the jury was entirely correct so far as related to any claim for damages for any disturbance or injury to his wall or buildings occasioned by the digging of the defendant upon his adjoining land to lay the foundation for his building. This really was the only substantial damage the plaintiff sustained by the defendant's act; if this can be said to be so, and it seems from the exceptions, that this was really what the plaintiff sought to recover for upon the trial. But the exceptions say that the plaintiff's evidence tended to prove that in consequence of the digging by the defendant, the wall which supported the plaintiff's kitchen, which stood upon the line, settled a little, so that dirt ran out from under it upon the defendant's land, and some of the dirt which the plaintiff had piled or banked against his wall, on his own land, ran over the wall and fell upon the defendant's land. The plaintiff now complains that the jury were not put to find upon the evidence, whether if the plaintiff's land was in its natural condition, without

any wall or buildings upon it, the defendant's act of excavating would not have caused the plaintiff's soil to be disturbed, and so that the plaintiff might be entitled to recover, irrespective of any question of notice, or of prudence and skill in the defendant's manner of making the excavation. But the case shows that the plaintiff had erected his wall upon the extreme verge of his land, and upon such wall had placed buildings. The real damage he was claiming to recover, was the damage to his wall and buildings, and the fall of the earth from the plaintiff's land under or over his wall, appears to have come out rather as part of his proof of the transaction by which the structures were damaged, than as any distinct ground of claim of recovery.

The changes made in the natural condition of things, by the erection of the plaintiff's wall and buildings, were so great that it would be mere conjecture as to what effect this excavation would have produced if they had not been made.

It seems perfectly clear that the dirt which fell over the wall, could not have so fallen, if nothing artificial had been placed by the plaintiff on his land, because that earth itself was piled or banked against the wall, on the inside, and was itself an artificial burden on the natural soil. From what appears in the case, it does not appear that there was any fair ground of claim, that if there had been no increase of the natural weight and pressure upon the soil, on the plaintiff's side of the line, that what was done by the defendant on his land would have disturbed the plaintiff's. But this was of course a question for the jury to pass upon, if such a question had been made. But we fail to find in these exceptions that any such point was made by the plaintiff, or that the attention of the court was called to any such theory of claim, or instruction to the jury claimed on such basis. The request to charge the jury upon the damage to the soil, is put on the same ground as the damage to the wall and buildings; that the excavation was made by the defendant without notice to the plaintiff. We cannot manufacture or imagine errors for the purpose of correcting them. The party claiming that an error has been committed upon the trial, against his legal rights, must make it appear affirmatively upon the record, and none is so made to appear in respect to this point.

Beard *v.* Murphy.

The plaintiff also claims that the charge was erroneous as to the stopping of the surface water by the defendant, by putting up boards. The plaintiff claimed that if the surface water naturally falling on his land would run off upon the defendant's land, the defendant had no right to put up any obstruction to prevent its continuing to do so.

This the court granted and charged to be the law.

The court also told the jury that if the plaintiff or his tenants persisted in emptying filthy water from the plaintiff's kitchen where it would run down on the defendant's land, and injure his well, the defendant might legally place an obstruction to prevent it. The plaintiff does not question the soundness of this proposition, and its eminent justice would commend it to every fair mind. But the court further told the jury, that if such an obstruction as was actually necessary in order to prevent injury to the defendant, from the persistent and unlawful acts of the plaintiff or his tenants in casting filthy water on the defendant's premises, did have the effect to stop some of the surface water from running off the plaintiff's land upon that of the defendant, the defendant would not be liable therefor.

This is complained of by the plaintiff. In his view the defendant must forego all right to protect himself from the plaintiff's unlawful act, and seek such redress as he could get by litigation, unless he could use the means of prevention in such manner, as to work no incidental harm to the plaintiff. We know of no such rule of law or right. If the plaintiff or his tenants violated the defendant's rights by turning filthy water on his premises and spoiling his well, the defendant had the right by law in a peaceable way to prevent it, and save himself from harm if he could, and to use the necessary means to that end.

If such means produced some incidental hurt or damage to the plaintiff he has no right to complain. It cannot be made chargeable to the defendant, whose act was rightful; it is really caused by his own wrongful act, which made that of the defendant necessary.

The judgment is affirmed.