𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

NORFOLK & WESTERN R. CO. v. CARTER.

JULY 11, 1895.

1. PROCESS AGAINST A CORPORATION—*Service on Agent under Section 3227 of the Code.*—When process to commence an action against a corporation is sued out and executed on an agent of the corporation, under section 3227 of the Code, less than ten days before the return day thereof, the proper course to be pursued is to quash the return of the officer and remand the case to rules, and not dismiss the action.

2. SURFACE WATER—*Obstructing Natural Channel or Watercourse—Damages.* The owner of land has no right to interfere with the flow of surface water in a natural channel or watercourse, and if such flow be hindered or prevented, so as to cause the surface water to accumulate in ponds and thereby injure the lands of another, the person causing such hindrance or obstruction is liable to the owner of the land for the injury occasioned thereby. For a discussion of the rights and duties of land owners relating to surface water see opinion of the court.

3. RAILROADS—*Purchase of Right of Way—Injury to other Lands in Constructing Roadbed.*—Although a railroad company may have purchased from the owner a right of way over his land, for the purpose of constructing its roadbed, yet if, in constructing its roadbed, it deposits on other lands of such owner, without his consent, earth, stone, gravel or other matter, and allows it to remain there, the company is liable to the owner for the injury thereby sustained. Compensation for such injury is not included in assessing damages for right of way, and the plaintiff is not barred of his right to recover such compensation by the conveyance of the right of way to the defendant.

4. BILL OF PARTICULARS—*Office of—When should be Objected to.*—The office of a bill of particulars is to give a fuller and more particular specification of the matter contained in the declaration, or of the nature and extent of the injury which the plaintiff claims that he has sustained. An objection to a bill of particulars should be made before the trial begins.

5. RAILROADS—*Method of Construction—Adjacent Land Owners.*—Whether a railroad is properly constructed or not, so far as it affects adjacent land owners, is to be determined by the duties and obligations which the law imposes upon the company, and not by the manner in which other roads are constructed.

6. PASSWAY OF OWNER OVER HIS OWN LAND—*Destruction of Passway—Damages.*—Every man is entitled to a passway over his own land from one part of it to another, and if this be destroyed by another, the owner of the land is entitled to recover damages therefor, which are not adequately measured by the mere effect which such destruction may have on the value of the part thus made inaccessible.

Error to a judgment of the Circuit Court of Russell county, rendered November 11, 1893, in action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

This was an action of trespass on the case, in the Circuit Court of Russell county, brought by Jack Carter against the Norfolk and Western Railroad Company to recover damages alleged to have been committed by the defendant company on the lands of the plaintiff. The evidence sufficiently appears in the opinion of the court.

The following are the instructions referred to and commented on in the opinion of the court:

Plaintiff's instructions second and third:

"Second. The court further instructs the jury that if they believe from the evidence in the cause, that the defendant company, in the construction of its road through plaintiff's land, deposited earth, rock and other matter upon the plaintiff's land; that it then became the duty of the defendant company to remove such earth, rock and matter in a reasonable time, and if they believe from the evidence that the company failed to do so in a reasonable time, then they shall find for the plaintiff whatever damage he has sustained thereby."

"Third. The court further. instructs the jury, the true measure of damage to the land on which *debris* is thrown is the cost of the removal of *debris*, if that does not exceed the value of the land, but if it does and the land is destroyed by it, then the value of the land would be the measure of damage, but if any part of the land covered is the necessary passway to adjoining lands of the owner, this fact is to be taken into account, and it would be proper to estimate as damage the cost of opening the way over the land of the plaintiff so covered, or the cost of constructing a different way, if practicable, and less expensive, in determining the value of the land covered."

Plaintiffs' instruction No. 1, as modified does not appear in the record, but by agreement of counsel the original was used.

The following instructions asked for by the defendant were refused:

## No. 1.

"The court further tells the jury that any interference with the drainage of plaintiff's lands, or the flow of surface water, were proper items to be taken into consideration by the said plaintiff when the defendant railroad company purchased its right of way from the plaintiff, and if the jury believe from the evidence that the railroad through the plaintiff's lands was properly constructed and according to the usual manner and custom of constructing railroads over lands similar to the plaintiff's, then they cannot assess any damages against said defendant company on account of ponds or accumulation of water, although said ponds and accumulations of water may have been caused by the building and construction of said road."

## No. 3.

"The court further tells the jury that unless they believe

from the evidence that the value of plaintiff's farm, which was rented for 150 bushels of corn per year, before and since the construction of said railroad, has been depreciated, or lessened in value, by reason of the destruction of passway claimed by plaintiff outside of company's right of way, said plaintiff is not entitled to and cannot recover any damages on account of the loss of said passway.''

In lieu of defendants instruction No. 1, the court gave an instruction marked No. 10, in the following words:

''The court tells the jury that any interference with the drainage of the plaintiff's lands or the flow of surface water which could not be prevented by the proper and skilful con-struction of defendant company's road with proper and skilful-ly constructed culverts, was proper to be taken into considera-tion by the plaintiff when the defendant company purchased its right of way from the plaintiff, and if the jury believe from the evidence that the railroad through plaintiff's land was properly and skilfully constructed, with properly and skilfully constructed culverts, in proper numbers, and that the same have been kept in proper order, then they cannot assess any damages against the said defendant company on account of ponds or of accumulations of water, though caused by the building and construction of said road.''

After the court had refused defendant's instruction No. 3 above, the defendant modified its instruction No. 3 and again tendered it, but it was rejected. As modified it was as fol-lows:

''The court further tells the jury that unless they believe from the evidence that the value of the plaintiff's farm, which he claims is cut off by reason of the earth, stone and *debris* deposited and thrown on said passway, has been depreciated or lessened in value by reason of the destruction of passway, claimed by plaintiff outside of company's right of way, said

plaintiff is not entitled to, and cannot recover any damages on account of the loss of said passway.''

*Burns & Fulton*, for the plaintiff in error.

*Henry A. Routh*, for the defendant in error.

RIELY, J., delivered the opinion of the court.

Upon the calling of the case for trial, the counsel for the defendant company moved the court to dismiss it, upon the ground that it appeared that process to commence the suit had been served on an agent of the company less than ten days before the return day. Code of Virginia, sec. 3227. This the court refused to do. A motion was then made upon the same ground to quash the return of the sheriff on the process, which motion the court sustained, and remanded the case to rules. The refusal of the court to dismiss the suit constitutes the first assignment of error. The action of the court was right, and this assignment of error is without merit.

The plaintiff based his right of action in this case upon two grounds. The first ground was that the defendant, in building the Clinch Valley Division of its road, which runs through the land of the plaintiff, failed to construct in the fills or embankments in its road the proper and necessary number of culverts to carry off from his land the surface water, which, prior to the building of the road, flowed by natural channels into Clinch river; and that the water is thereby obstructed, and accumulates in ponds on his land to his injury.

Upon the relative rights of adjacent land owners with respect to surface water, there is a contrariety of judicial decision. Except where the civil-law doctrine of servitude of the lower tenement prevails, the general rule is, however,

that no action will lie for obstructing the flow of surface water. Where the common law is in force, as in this State, surface water is considered a common enemy, and the courts agree that each land owner may fight it off as best he may. He may obstruct or hinder its flow, and may even turn it back upon the land of his neighbor, whence it came. This results from the dominion the law gives to him over his land.

His right to it extends beneath the surface to the centre of the earth, and above it to the skies. He is entitled to the free and unfettered control of it above, upon, and beneath the surface, and can not be held liable for any injury which its reasonable use and enjoyment may cause to other lands in interrupting the flow of surface water. He may change the surface of his own land, or erect buildings or other structures upon it, and thus restrain or divert the surface water which may accumulate on adjacent lands from falling rains and melting snows, without being made liable therefor to their owners. Gould on Waters, sec. 273; Angel on Watercourses, secs. 108 (a), and 108 (b); *Gannett* v. *Hargadon*, 10 Allen, 106; *Taylor* v. *Fickas*, 31 Amer. Rep. 114; *Sweet* v. *Cutts*, 9 Amer. Rep. 276; *O'Connor* v. *Fon du Lac, &c., R. R. Co.*, 38 Amer. Rep. 753; and Washburn on Easements, (3rd ed.), sec. 353 (3a).

And this right is possessed by a railroad company in respect to its right of way as well as by any other owner of real estate. It enjoys the same privileges as any other owner of land, no greater, but no less. Gould on Waters, sec. 273; *Jenkins* v. *Wilmington & W. R. R. Co.*, 110 N. C. 438; *Rowe* v. *St. Paul, &c., R. R. Co.*, 16 Amer. St. Rep. 706; *Sullens* v. *Chicago, etc., R. R. Co.*, 7 Amer. Rep. 506; *O'Connor* v. *R. R. Co.*, 38 Amer. Rep. 753; *Cairo, etc., R. R. Co.* v. *Stevens*, 38 Amer. Rep. 139; and *Topeka, etc., R. R. Co.* v. *Hammer*, 31 Amer. Rep. 216.

This right in regard to surface water may not be exercised

wantonly, unnecessarily, or carelessly; but is modified by that golden maxim of the law,. that one must so use his own property as not to injure the rights of another.   It must be a reasonable use of the land for its improvement or better enjoyment, and the right must be exercised in good faith, with no purpose to abridge or interfere with the rights of others, and with such care with respect to the property that may be affected by the use or improvement as not to inflict any injury beyond what is necessary.   Where the exercise of the right is thus guarded, although injury may result to the land of another, he is without remedy.   Lewis on Eminent Domain, sec. 585; Washburn on Easements, (3d ed.), p. 455; *Sweet* v. *Cutts*, 9 Amer. Rep. 276; *Raleigh & Augusta Air Line R. R. Co.* v. *Wicker*, 74 N. C. 220; *Beard* v. *Murphy*, 37 Vt. 99; *Little Rock and Fort Smith R. R. Co.* v. *Chapman*, 43 Amer. Rep. 280; *Abbot* v. *Kansas City, etc., R. R. Co.*, 53 Amer. Rep. 581; *Taylor* v. *Fickas*, 31 Amer. Rep. 114; *Atchison, etc., R. R. Co.* v. *Hammer*, 31 Amer. Rep. 216; and 24 Amer. & Eng. Enc. of Law, 920.

The right thus modified, has also its exceptions.   One exception is that the owner of the land can not collect the water into an artificial channel or volume and pour it upon the land of another to his injury.   The right to fend off surface water does not extend that far.   *Davis* v. *City of Crawfordsville*, 12 Amer. St. Rep. 561; *City of Evansville* v. *Decker*, 43 Amer. Rep. 86; *Cairo, etc., R. R. Co.* v. *Stevens*, 38 Amer. Rep. 139; *Patoka Township* v. *Hopkins*, 31 Amer. St. Rep. 417; *Rychlichi* v. *City of St. Louis*, 14 Amer. St. Rep. 651; *Freemont, etc., R. R. Co.* v. *Marley*, 13 Amer. St. Rep. 482; *Chalkley* v. *City of Richmond*, 88 Va. 402; 2 Dillon on Mun. Corp. sec. 1051; and Gould on Waters, sec. 271.

Another exception to the right, which pertinently applies to this case, is that the owner of the land can not interfere with the flow of surface water in a natural channel or watercourse.

Where the water has been accustomed to gather and flow along a well defined channel, which by frequent running it has worn or cut into the soil, he may not obstruct or divert it to the injury of another. *Earl* v. *DeHart*, 1 Beas. Chy. Rep. 280; *Little Rock, etc., R. R. Co.* v. *Chapman*, 43 Amer. Rep. 280; *Gibbs* v. *Williams*, 37 Amer. Rep. 241; *Palmer* v. *Waddell*, 22 Kansas, 355; *Rowe* v. *St. Paul R. R. Co.*, 16 Amer St. Rep. 706; and 24 Amer. & Eng. Ency. of Law, 900-902.

Before proceeding to apply these principles to the case before us, it will be more convenient to notice the other ground upon which the plaintiff based his right of action. This was that the defendant in constructing its said line, carelessly and negligently deposited large quantities of earth, stone, gravel, and other matter upon the plaintiff's land which adjoined its right of way, and allowed the same to remain there.

The defendant acquired its right of way through the plaintiff's lands by purchase, and not by condemnation proceedings. This, however, would make no difference in its duty nor alter its right or liability. These would be the same in either case. The plantiff would be barred from a recovery against it, in the case of negligence or the want of proper care in the construction of its road, only as to those matters which entered into the assessment in condemnation proceedings, and for which compensation would be allowed. *Southside R. R. Co.* v. *Daniel*, 20 Gratt. 375; Lewis on Eminent Domain, secs. 89, 293, 572, and 573; and Pierce on Railroads, p. 179, 218. Damages under this rule, could be only for what could be foreseen and estimated. They could not with any propriety be assessed for an injury that might happen from an illegal act, or from the negligence and want of skill and care in the construction of its road. The injustice of a contrary rule is manifest. If compensation were included in the assessment for depositing outside of its right of way upon the land of

another the material excavated in building its road which it would have no right so to deposit and could not be presumed that it would do contrary to its duty, the deposit might not, as it probably never would, be made, and in such case the owner of the land would receive and the company pay for an injury that could not with propriety be anticipated, and one that in point of fact never happened. No compensation based on such a presumption of negligence would ever be tolerated by the law. Consequently, if the defendant did deposit on the land of the plaintiff without his consent, earth, stone, gravel, and other matter, which it was necessary to remove in constructing its road, and allowed it to remain there, it is liable to him for such injury as he may have thereby sustained. Shear. and Red. on Neg. (Edit. of 1880), sec. 449; 2 Wood on Railway Law, sec. 258; Pierce on Railroads, p. 266; *Sabin* v. *Vermont Central R. R. Co.*, 25 Vt. 363; *Pittsburg, &c., R. R. Co.* v. *Gilleland*, 56 Pa. St. 445; and *Whitehouse* v. *Androscoggin R. R. Co.*, 52 Me. 208.

It only remains to consider the errors assigned in the petition for the writ of error awarded in this case, and apply the principles thus enunciated.

There was a demurrer to the declaration, which contained four counts. The court sustained the demurrer as to the first and third counts, overruled it as to the second and fourth counts, and gave leave to the plaintiff to file an amended declaration. An amended declaration was afterwards filed, containing a single count, in which was set forth more fully and specifically the cause of action that was intended to be embraced in the first and third counts of the original declaration, as to which the court had sustained the demurrer. The gravamen of the amended declaration was that, by reason of the natural slope of the land of the plaintiff to Clinch river, on which it lies, the surface water, which accumulated upon the land in time of freshets, rains, and storms, was accustomed,

prior to the building of the railroad, to flow by natural channels, across what is now the right of way of the defendant and thence, over another part of the land of the plaintiff, into the said river; and that the flow of the water to the river along said natural channels was now hindered and prevented by the failure of the defendant to construct under the embankment of its roadbed, the proper and necessary culverts for the escape of the water by the said channels into the river, thereby causing the water to accumulate in ponds on the land of the plaintiff to his injury.

No exception was taken to the amended declaration, and the general issue being pleaded, the parties went to trial on the second and fourth counts of the original declaration and on the single count of the amended declaration.

The second count of the original declaration alleged that the defendant, in constructing its road through the land of the plaintiff, did not use ordinary and reasonable care, but carelessly and negligently piled and deposited large quantities of earth, stone, gravel, and other matter upon his land, outside of and beyond its right of way, to his injury. The fourth count is substantially the same as the second, with the additional allegation that it allowed the said material so to remain for a long and unreasonable space of time. Each of the said counts set forth a good cause of action, and the court did not err in overruling the demurrer thereto. This disposes of the second assignment of error.

After there had been a mis-trial of the case, the plaintiff was given leave to file a further amended declaration or a bill of particulars, as he might be advised. In pursuance of such leave, he filed with his declaration, on September 5, 1893, a bill of particulars, by which he gave notice that in establishing the damages to which he was entitled, he would rely on and prove, first, that the earth, stone, etc., so deposited on his land, obstructed the necessary pass-way to the land belonging

to him; and secondly, what the opening of the pass-way or
of a new road to the said land, would cost him.    No objec-
tion was made by the counsel for the defendant to the bill of
particulars itself or to its being filed; and at the following
November term of the court, the trial proceeded in accord-
ance with the declarations, original and amended, and the bill
of particulars.    It is now claimed that the declaration was
sufficiently certain and definite, and that the court erred in
permitting the bill of particulars to be filed; and further, that
no testimony should have been admitted to show that the
deposit of said material obstructed the pass-way of the plain-
tiff to his land, or as to the cost of opening it.    This consti-
tutes the third assignment of error.    We do not see that the
bill of particulars sets up new matter, or is a departure from
the cause of action alleged in the declaration.    The office of
a bill of particulars is to give a fuller and more particular
specification of the matter contained in the declaration; or,
in this case, of the nature and extent of the injury which the
plaintiff claimed he had sustained.    We are furthermore of
opinion that, if the bill of particulars were liable to technical
objection, the defendant by its counsel waived such objection
by failing to make it in due time before the trial began.    To
have allowed it to prevail after the trial began, in the form it
was made, would have been to take the plaintiff by surprise,
to which he ought not to have been subjected.

The fourth assignment of error will be disposed of when
we come to consider the refusal of the court to set aside the
verdict and award a new trial.

This brings us to the consideration of the instructions, the
exceptions to which constitute the fifth, sixth, and seventh
assignments of error.

The plaintiff offered four instructions which he asked the
court to give to the jury.    The defendant objected to all of
them except the fourth, whereupon the court overruled objec-

tion to the second and third, and modified the first instruction
before giving it to the jury.   The instructions as given to
the jury correctly expound the law, and the objections thereto
were properly overruled.

The defendant then offered nine instructions, all of which the
court gave, except the first and third; modified the eighth;
and, in lieu of the first instruction, gave its own, which ap-
pears in the record as No. 10.   To this action of the court
upon its instructions, the defendant by its counsel excepted.
The charge was, and evidence was introduced to show, that
the surface water, prior to the building of the railroad, passed
off from the land of the plaintiff by natural channels into
Clinch river, and that the damage he had since sustained from
the water was caused by the obstruction of these natural
channels by the embankment of the road.   If so, it would
have been incorrect to instruct the jury that such damage was
a proper item to be taken into consideration when the defen-
dant purchased its right of way from the plaintiff, and was
concluded by such purchase.   The defendant would have
had no right, as we have already seen, to obstruct a natural
channel; and this would have been to assess the defendant in
advance for an act that the law forbids.   Compensation for
an illegal act, which the defendant might never commit, could
not be sustained.   The instruction was erroneous for the
further reason that it made the construction of other railroads
the rule by which to determine whether or not the road of the
defendant was properly constructed, and not the duties and
obligations which the law imposed upon it as the proper test.

Instruction No. 1, both as originally asked for and also as
modified by the counsel for the defendant, was clearly wrong
and the court rightly rejected it.   Every man is entitled to
a pass-way over his own land from one part of it to another;
and if the defendant unlawfully destroyed the only pass-way
of the plaintiff, by depositing upon it the *debris* arising from

the construction of its road bed, he was entitled to damages, which would not be adequately measured by the mere effect the destruction of such necessary pass-way might have on the value of the parcel of land thus made inaccessible to him.

Instruction No. 8 as originally asked for does not appear in the record, but only as modified by the court. We are unable, therefore, to say whether the court erred in modifying it or not.

The only remaining assignment of error is to the refusal of the court to set aside the verdict and award a new trial. Three grounds were assigned for this motion; first, because the verdict was contrary to the law and the evidence; second, because of the various misrulings of the court, and third, because the verdict was excessive.

The second ground assigned for the new trial has been already passed upon in discussing the various rulings of the court. No error was found in them and this ground need not be further considered.

It was shown in evidence that the surface water on the land of the plaintiff, prior to the building of the road, escaped from it over what is now the right of way of the defendant, by natural channels into Clinch river, and that its flow is now prevented by the failure of the defendant to construct in the said channels the necessary culverts under its roadbed; and that consequently the land of the plaintiff is greatly damaged by the accumulation of the water into ponds. There was also abundant evidence to prove that large quantities of earth, stone, gravel, and other debris had been deposited upon the strip of land of the plaintiff which lies between the right of way of the defendant and Clinch river, and that this strip of land furnished the only pass-way for the plaintiff to another parcel of his land. The evidence also showed that this obstructive material could not be removed, nor a new road opened by the plaintiff to the part of his land thus cut off and

rendered inaccessible to him, except at great expense, ranging from a few hundred dollars to a sum exceeding the amount of the verdict of the jury.    The evidence further tended to prove that this waste earth and other material were deposited and distributed along on the said strip of land of the plaintiff by the contractors who built the railroad, by direction of the engineer of the defendant company.    The jury, who were the proper triers of the facts, after seeing and hearing the witnesses testify, rendered a verdict for the plaintiff for $1,000, and the court approved it.    It is clear from the evidence, as certified, that the jury were well warranted in finding a verdict in favor of the plaintiff, and, upon a consideration of all the testimony, we can not say that the verdict is excessive.

There is no error in the judgment of the Circuit Court, and the same must be affirmed.

Affirmed.