# CHARLESTON.

### E. V. LINDAMOOD v. BOARD OF EDUCATION ETC.

### Submitted November 14, 1922.   Decided November 28, 1922.

WATERS AND WATER COURSES—*Declaration That Water is Artificially Collected on Lands of Defendant and Discharged on Lands of Plaintiff to His Damage States Cause of Action.*

A declaration which in substance states that defendant has, in improving its lot of land, constructed an embankment thereon by which surface water is collected in a volume into a channel which discharges such surface water over said em-

bankment and upon an adjoining lot belonging to and occupied by plaintiff, to his great damage, states a cause of action, and a demurrer thereto is properly overruled.

Case Certified from Circuit Court, Mingo County.

Action by E. V. Lindamood against the Board of Education of Williamson Independent School District. Demurrer to the declaration was overruled, and the ruling certified to Supreme Court of Appeals for review.

*Affirmed.*

*Joe Hatfield,* for plaintiff.

LIVELY, JUDGE:

This action is to recover damages from defendant for obstructing the natural flow of surface water on his lot, collecting the same in a ditch or drain made by defendant in grading and banking its lot, and casting the water so collected in said ditch over said embankment upon plaintiff's lot.

Demurrer to the declaration was overruled, and the judge, on his own motion, certified his ruling to this court for review.

The only question presented is whether the declaration states a cause of action.

The pertinent facts stated in the declaration, stripped of useless verbiage, are that plaintiff is the owner of and resides upon the western half of Lot No. 6 in Block 25 in the city of Williamson, Mingo county, and has the right to enjoy said property free from the running of surface water from a certain adjoining lot through a ditch or ravine and over a certain embankment; that on or about the first day of August, 1921, defendant wilfully contriving to debase the value of plaintiff's lot and render it unfit for dwelling purposes, "wantonly and negligently dug and graded a certain yard or lot on the south side of the high school building in the City of Williamson, Mingo County, W. Va., thereby creating an embankment of earth about five feet (5) high within a few feet of plaintiff's said lot and residence and thereby created a certain ditch, drain and channel whereby the surface water was and is prevented from flowing in its natural course, and caused to flow upon the lot and under the residence and home

of this plaintiff, and by reason thereof large quantities of rain water, melted snow and mud running and flowing through said ditch and channel and over said embankment so graded, dug, cut and constructed and made by the said defendant, emptied and discharged themselves over and upon the lot and under and against the residence and fence of this plaintiff,'' by reason whereof plaintiff has been greatly damaged.

While the declaration is not clearly drawn, and the facts are so inaptly stated as to make it somewhat confusing, we interpret the language thereof to mean that defendant, in grading and improving its lot on the south side of the high school building, constructed an embankment about five feet high and within a few feet of plaintiff's lot and thereby created a drain or channel which collected the surface water, diverting it from its natural flow or drainage, and through which drain said water was discharged in large volume over the embankment so constructed and upon the plaintiff's lot, to his great damage. We think the declaration states a good cause of action under the well settled principles of the law in this state applicable to such cases. If defendant has thus collected surface water falling upon its lot or coming on it by natural drainage, and has caused it to be thrown through a ditch and over an embankment constructed by it and upon the lot of plaintiff, doing him damage thereby, he has a right of recovery. Whether the evidence developed in the trial will sustain the allegata of the declaration we are not called upon to inquire.

It would serve no useful purpose here to state and consider what is called the ''civil law rule'' stated in the code Napoleon, which has been adopted with modifications by some of the states, and what is called the ''common law rule,'' which seems to have been first promulgated by the Massachusetts courts and subsequently enlarged upon by the courts of New Jersey into what is known as the ''common enemy'' doctrine, according to which, broadly stated, each land owner may fight off surface water and dispose of it as best he can. In this jurisdiction the so-called ''common law rule,'' with

modifications, seems to have been adopted. *Gillison* v. *City of Charleston*, 16 W. Va. 282; *Knight* v. *Brown*, 25 W. Va. 808; *Jordan* v. *City of Benwood*, 42 W. Va. 312. The doctrine under the so-called "common law rule" is that if the owner of land diverts surface water from its usual course and causes it to go upon another's lot, where it might never have gone before, no action will lie; but this doctrine has been mollified by the maxim that one person must so use his own property as not to wilfully injure that of another; and if the surface water has been changed or increased in its flow upon the other's lot it is well settled that it must not be collected in a body or in considerable volume and thus cast upon another's lot. *R. R. Co.* v. *Carter*, 91 Va. 587. One cannot collect surface water into an artificial channel and pour it upon the lands of another to his damage. 2 Dillon on Municipal Corporations, sec. 1051; Gould on Waters, (3d Ed.) sec. 271. The rule is tersely stated by Judge BRANNON in *Jordan* v. *City of Benwood*, in the third point of syllabus, as follows: "A city cannot by ditches, drains or other artificial channels, collect surface water, and cast it in a body or mass upon a lot. If it does so, it is liable to the lot owner in damages." This salutary modification applies both to the civil and so-called "common law rule," and is generally recognized and applied by the courts of the different states. Citations to numerous authorities recognizing this rule will be found in the foot note to section 271 of Gould on Waters, (3d Ed.)

It would be useless to multiply authorities on a doctrine so well established in the different states and adopted by this state.

We think the declaration states a cause of action, and it will be so certified.

*Affirmed.*