PETROPLUS, JUDGE:
In this case Petitioner seeks damages in the amount of $7,500.00 for trespass to his property, charging Respondents with negligence in the construction and maintenance of a storm sewer or drain on the property of Glenville State College directly opposite Petitioner’s property. It is alleged that the sewer collected and diverted a flow of water toward Petitioner’s property with such volume and intensity as to erode the earth and wash away a portion of a City Street between the properties and cause movement of soil, land and debris to flow towards and on to Petitioner’s property, thereby causing it to become depreciated in value. The Petitioner was the owner of contiguous Lots 19, 20 and 21 in the Linn Addition to- the Town of Glenville, Gilmer County, West Virginia, which were situated on a hillside on a substantially lower elevation than the College property, which was situated directly across and above the Petitioner’s property with a 40 foot public street known as Linn Street separating the respective properties. For many years before Petitioner purchased his property the area was beset with drainage problems, and slides had intermittently occurred. A portion of street between the properties became undermined, settled and broke away, the slip causing mud, soil -and debris to push against and jeopardize a dwelling house situate on Lot 19, which house was moved at the expense of the Petitioner to higher 'and trouble free ground about 100 feet away from the original location.
*46 Respondents filed a Motion to Dismiss, assigning as a ground that the applicable Statute of Limitations under West Virginia law for this type of action was 'two years, and inasmuch as the damage occurred in March, 1962, and the claim was not filed until April 3, 1969, more than two years after the alleged cause of action, the claim should be dismissed. A general denial of the allegations of the Petition was also filed denying 'any moral or legal responsibility for the damages sustained by the Petitioner. The hearing revealed that the damages were of a continuing and recurrent nature. The Court is of the opinion that the Statute of Limitations does not run where there is a continual and intermittent trespass to real estate, and the Motion to Dismiss is accordingly overruled.
According to the testimony presented at the hearing, the Court finds that Petitioner’s property was on a low level with relation to the surrounding land of the College; that it was located in a natural drainage area, confronted with slips and drainage problems for many years before he purchased it; that the steeped-sloped side of the hill was composed of loosely compacted earth and porous sandstone highly susceptible to erosion by rain and surface waters. The Court is constrained to find that the natural flow of surface water, resulting from rainfall, contributed substantially to the breakage of the soil to which Petitioner’s property was subjected. The damage to Petitioner’s property was the result of a combination of conditions, and to hold that a leaking drain or inadequate sewer line on the College property was the direct and proximate cause of the damages sustained by the Petitioner would be an untenable finding of fact, unwarranted by the evidence in the case. Assuming that a leaking or defective drain existed on the Respondents’ property, it is difficult for us to conclude that the leakage or diversion of surface waters contributed significantly and effectively to Petitioner’s damages. Water accumulated in this area from several directions, forming an impassable pool on Linn Street, and seeking a lower level naturally caused mud and debris to flow upon Petitioner’s lot below and jeopardized the safety of his home.
The Claimant testified that he purchased his property for $3,500.00 on September 1, 1960, including the lots and house, and subsequently filed suit against the Town of Glenville for *47 failure to install a culvert and provide adequate drainage of Linn Street, and that his claim was settled out of Court by payment of $1,500.00. The issue must have been the City’s share of responsibility for damage to his property. Claimant also stated that an eminent domain proceeding was pending against him by the State Road Commission, and that he had been offered $3,700.00 for his property in its present condition in said proceeding. It was not clearly established that he owned the property at the time of this hearing.
The only witness for the State was the Superintendent of the College buildings and grounds, who testified that the land above had been gradually slipping for about ten years before Petitioner acquired his property, and that Linn Street, then maintained by the City, had been gradually sinking at its low point opposite Lot 19, requiring a gravel fill from time to time. He further stated the site was a natural drainage area for the steep hillside behind Petitioner’s property, and that the water was washing out the land. Ditches 'and drains were installed to alleviate the condition but apparently were ineffective in diverting the flow of water. He further stated the land would have slipped whether there was any pipe or not, and that the difficulty may have been remedied by an expenditure of $2,000.00 or more by the College. His testimony stands uncontradicted.
It is well established law that land at lower levels is subject to the servitude of receiving waters that flow naturally upon it from adjoining higher land levels, and that unless a property owner diverts the natural flow of surface water in such a manner as to damage the property of another, there is no liability on the owner of the higher property. Unless a landowner collects surface water into an artificial channel, and precipitates it with greatly increased or unnatural quantities upon his neighbor’s land, causing damage, the law affords no redress. If no more water is collected on the property than would naturally have flowed upon it in a diffused manner, the dominant tenement cannot be 'held liable for damage to land subject to the servitude of flowing waters. The evidence in this case does not reveal that the flow was increased in volume or changed in its character to the substantial damage of the Petitioner. Nor was it shown by evidence that the flow accelerated or was •artifically channeled so as to increase the servitude *48 upon Petitioner’s lot as was shown in Manley v. Brown, 90 W. Va. 564, 111 S.E. 505, cited by Petitioner.
To constitute a moral obligation of the State justifying the appropriation of public funds, it is necessary that an obligation or duty be imposed on the State, by Statute or Contract, or that wrongful conduct be shown, which would be judicially recognized as legal or equitable in cases between private persons. State ex. rel. Cashman v. Sims, 130 W. Va. 430, 43 S.E.2d 805. In the recent decision of State ex. rel. Vincent v. Gainer, 151 W. Va. 1002, (1967), our Supreme Court of Appeals affirmed prior decisions holding that whether such moral obligation exists is a judicial question, and proof of negligence by the State Road Commission was required to be shown.
The common law rule that surface water is considered a common enemy, ’and that each landowner may fight it off as best he can prevails in Virginia and West Virginia, with the modification that an owner of higher ground may not inflict injury on the owner of lower ground beyond what is necessary. Norfolk & W. R. Co. v. Carter, 91 Va. 587, 22 S.E. 517. Jordan v. Benwood, 42 W. Va. 312, 26 S.E. 266, and Lindamood v. Board of Education, 92 W. Va. 387, 114 S. E. 800.
We conclude that because of the many intervening factors and causes of the Petitioner’s damages, operating independently of any leakage from a defective sewer or drain tile on the College property, and all contributing to the extensive slides and soil erosion in the area of Petitioner’s land, and the further fact that Petitioner sought and received damages from the Town of Glenville for its responsibility in the subsidence and drainage of Linn Street, the Petitioner has not proved a claim which in equity and good conscience should be paid by the State of West Virginia. An allowance must be predicated on proof disclosing more than a mere basis for conjecture or speculation that the leaking sewer caused the damage of which the Petitioner complains.
For the foregoing reasons, the Court disallows the claim.
Claim disallowed.