RULEY, JUDGE:
Claimants own property adjacent to Beech Fork Road, otherwise known as Secondary Road 52/4. The claimants allege that respondent’s negligent failure to maintain properly a culvert and drainage ditches on Beech Fork Road caused water to flow onto and damage their property. The evidence indicated that claimants’ property is situated below the road; that a natural drain runs within 50 feet of claimants’ property; that the drainage problem was in existence at the time claimants bought their house; that the culvert was occasionally clogged; and that claimants’ driveway was situated so as to funnel water towards the house.
The general rule for drainage cases like this one was enunciated by Judge Petroplus in Whiting v. Smith, 8 Ct. Cl. 45 (1969): “Unless a landowner collects surface water into an artificial channel, and precipitates it with greatly increased or unnatural quantities upon his neighbor’s land, causing damage, the law affords no redress.” 8 Ct. Cl. at 47. There was no evidence in this case that respondent’s actions, or failures to act, created any unusual or extraordinary *53 flow of water onto claimants’ land. Part of claimants’ problem can be attributed to their own driveway. Although the Court realizes the serious nature of the damage to claimants’ property, it cannot in good faith find the State responsible for the damage or compel the respondent to provide compensation to the claimants. Accordingly, the claim is denied.
Claim disallowed.