RULEY, JUDGE:
This claimant is the owner of a tract of 2.36 acres located on the east side of U.S. Route 19, Appalachian Corridor L, in Fayette County. She has resided in a cottage on that tract from time to time since 1935. A stream, which ordinarily is small, flows through the tract. The construction incident to transforming U. S. Route 19 into Appalachian Corridor L involved building a four-lane divided highway. The elevation of the land on the west side of the highway is higher than that on the east side, and it always has drained into the mentioned stream and thence through the claimant’s land. The new highway construction required a long, high fill in the vicinity of the claimant’s, property, and surface water from an unspecified length of the highway was collected by means of drop inlets and discharged into the stream. The respondent, by eminent domain, *148 had acquired some portion of the claimant’s land for the highway construction, but no circumstances related to that matter is urged as a defense.
The preponderance of the evidence shows that the drainage system constructed incident to the new highway caused a material increase in the volume of surface water flowing onto the claimant’s land. A pedestrian bridge near her home now is buried under one foot of silt. The access road to the property often is washed out and the claimant testified that, at times, she is obliged to wear wading boots to get to her cottage. It is a general rule of law that a person who, by means of artificial channels, collects surface water in a body or mass and discharges it upon adjacent land is liable for any resulting damage. Jordan v. Bentwood, 42 W.Va. 312, 26 S.E. 266 (1896), Tracewell v. County Court, 58 W.Va. 283, 52 S.E. 185 (1905), Lindamood v. Board of Education, 92 W.Va. 387, 114 S.E. 800 (1922). Hence, the issue of liability must be resolved in favor of the claimant.
The only evidence on the issue of damages was that of David F. Fox, a well qualified expert, who testified that, in his opinion, the diminution in market value of the claimant’s property resulting from damage attributable to the increased burden of surface water was $9,000.00. For that reason, the Court is constrained to make an award in that sum.
Award of $9,000.00