GARDEN, JUDGE:
These two claims were consolidated for hearing purposes and ultimate decision because the same alleged acts of negligence on the part of the respondent allegedly caused the damage to four homes located in proximity to each other in the Cabin Creek Hill area of Kanawha County, West Virginia. Two of the homes were owned by the claimant Alva Katherine White, and the other two were owned by the claimants Paul White and Wanda White. The two homes owned by Alva Katherine White were built on Lots 6 and 7 as shown on J. D. Kittinger’s Map of Lots of Cabin Creek Junction, Kanawha County, West Virginia, and the two homes of claimants Paul White and Wanda White were built on Lot 21 of the same subdivision. To describe the terrain in the area of these homes as hilly would certainly be an understatement. At the foot of the hill is situated State Route 61, which runs generally in an east-west direction between Cabin Creek Bridge and the towns of Coalburg and East Bank. To the south of State Route 61 and also running in an east-west direction are railroad tracks of the C & O. Fronting on the C & O right of way are Lots 6 and 7 upon which Alva Katherine White’s homes are constructed.
*213 Behind Lots 6 and 7 is State Route 61/9 above which is located Lot 21. There is a set of concrete steps situate on the hillside of Lot 21 and a private road above the lot. During the years 1964 and 1965, the respondent installed three drainage pipes. One of the drainpipes was located on the private road directly above the concrete steps and Lot 21. Two drainpipes were installed on State Route 61/9 above Lots 6 and 7. It is the contention of the claimants that the installation of these drains resulted in excess water being cast upon the properties of the claimants, causing extensive damage thereto. The respondent contends that the water from both roads is following its natural drainage path and would flow across the lots belonging to the claimants regardless of the presence of the three drains.
The claimants testified that, prior to the installation of these drains and the grading of the roads, they had not experienced the water problems which have occurred since 1964-65.
H. Douglass Preble, a consulting geologist, testified on behalf of the respondent. His investigation involved observations of the topography, drains, running water, and subsurface water on the properties and the two roadways. He testified that the water from both roads was following the natural drainage of the hillside and would flow across claimants’ lots in the same manner without the presence of the drains installed by the respondent. However, on cross-examination, the witness testified that the presence of the drainpipes may have propelled and accelerated the flow of water.
It is well established law that land at lower levels is subject to the servitude of receiving waters that flow naturally upon it from adjoining higher land levels, and, unless a landowner collects surface water and precipitates it with greatly increased or unnatural quantities upon his neighbor’s land, causing damage, the law affords no redress. If no more water is collected on the property than would naturally have flowed upon it in a diffused manner, the dominant tenement cannot be held liable for damage to land subject to the servitude of flowing waters. The evidence in these claims reveals that the *214 installation of the three drains did, in fact, result in excess water being cast upon the properties of the claimants.
The common law rule that surface water is considered a common enemy, and that each landowner may fight it off as best he can prevails in Virginia and West Virginia, with the modification that an owner of higher ground may not inflict injury on the owner of lower ground beyond what is necessary. Norfolk & W. R. Co. v. Carter, 91 Va. 587, 22 S.E. 517, Jordan v. Benwood, 42 W.Va. 312, 26 S.E. 266, and Lindamood v. Board of Education, 92 W.Va. 387, 114 S.E. 800.
The Court concludes that the facts of the claims herein reveal that the actions of the respondent in placing the drains caused the damages inflicted upon the properties of the claimants.
The property appraisal report submitted to the Court indicates a difference in before-and-after market value of $1,000.00 for the properties of the claimant Alva Katherine White, and a difference in before-and-after market value of $4,000.00 for the properties of Paul White and Wanda White. Accordingly, the Court makes an award to the claimant Alva Katherine White in the amount of $1,000.00, and an award to claimants Paul and Wanda White in the amount of $4,000.00.
Award of $1,000.00 to Alva Katherine White.
Award of $4,000.00 to Paul and Wanda White.