GRACEY, JUDGE:
Claimant Sylvia Cadle is the owner of her residential real estate at 4728 Big Tyler Mountain Road, also known as West Virginia Route No. 501, in Kanawha County. Her property is on the easterly side of the road, a'gravel driveway leading downhill to her frame residence with partial basement. She testified that she had no problem with water drainage prior to 1975 when the respondent widened the pavement of Route 501, adding 2.5 feet of pavement width on her easterly side of the highway. She described how a drainage ditch, paralleling the highway, and on her side, had been eliminated in the pavement widening project. This ditch had carried the surface water northerly, downhill, beyond her driveway and residence. After the project, the gravel berm sloped downward from the pavement, without a parallel ditch, and the surface water came over the hill, down her driveway, and into her yard and basement. The result, she explained, was destruction of the partial basement and foundation of her residence, destruction of a garage, and a continuing landslide, all caused by water saturation of the real estate. On two occasions she had culverts placed under the entrance of her gravel driveway, but these did little good, and became clogged with gravel from the berm.
Claimant’s expert witness, George Allen Hall, a professional consulting engineer, examined claimant’s property once in September 1982 and again in July 1984. He testified his examination of Route 501 north of claimant’s property revealed an old landslide which had been corrected by the respondent with piling being placed adjacent to the road. To the south of this landslide and between claimant’s property and the slide area is an unstable area of ground. To the east of claimant’s property is a creek or stream. On the south of claimant’s property is a concrete driveway beneath which twin 15-inch culverts had *232 been installed. Mr. Hall concluded that the whole area is “landslide susceptible” and that “. . . the change in the water conditions which originally dumped the water into the slide area . . . now dumps the water into the area above, including the area under the Cadle home, has contributed considerably.”
Respondent’s witnesses included Charles A. Cavender, a surveyor for respondent; Ralph Ivan Adams, a geologist with Materials Control, Soil and Testing Division of the respondent; and Barney Clifford Stinnett, a Senior Soils Engineer for respondent.
Mr. Cavender surveyed Route 501 in front of claimant’s property and the concrete.driveway adjacent to the property on the south. His survey revealed that Route 501 is level for some distance and then slopes towards claimant’s property for a distance of 32 feet. The cement road also slopes towards claimant’s property.
Mr. Adams testified that he first examined the site in September 1982. He observed that the toe of the landslide is in the creek behind claimant’s property. There is erosion occurring in the creek bed. All of the land is moving as the toe of the slope erodes. Claimant’s property is, therefore, subject to the same land movement. Mr. Adams did not feel that the widening of Route 501 affected the amount of surface water flowing onto claimant’s property.
Mr. Stinnett testified that the erosion in the creek bed created an unstable condition which has affected the area above the creek including claimant’s property. He also stated that water draining from the road would affect the stability of the slide. He testified that “removal of the toe of a slide is much more critical than adding water up in the slide because you are affecting, removing any resistance to movement.” However, Mr. Stinnett did indicate that water, subsurface as well as drainage, is a secondary cause of a slide.
After examining all of the evidence submitted in this claim, the Court has determined that claimant’s property is in a slide prone area. The alteration of the drainage of water from the surface of Route 501, by widening the road and eliminating a drainage ditch, has resulted in more water flowing onto claimant’s property.
The common law rule that surface water is considered a common enemy, and that each landowner may fight it off as best he can, prevails in Virginia and West Virginia, with the modification that an owner of higher ground may not inflict injury on the owner of lower ground beyond what is necessary. Norfolk & W. R. Co. v. Carter, 91 Va. 587, 22 S.E. 517, Jordan v. Benwood, 42 W.Va. 312, 26 S.E. 266, and Lindamood v. Bd. of Education, 92 W.Va. 387, 114 S.E. 800.
Mr. Larry Wayne Robinson, owner of G & R Masonry Contractors, *233 had inspected the dwelling and foundation, and provided an itemized estimate of $8,630.00 for restoring the basement and foundation. Mrs. Cadle said her original claim of damages had included $2,500.00 for the surrounding property, but no satisfactory evidence was offered to confirm this figure, nor was any other damage evidence presented.
It is the opinion of this Court that the widening of Route 501 did result in surface water flowing onto claimant’s property. This flow of water aggravated a slide condition already present. The claimant’s property sustained damages in the amount of $8,630.00 for which the Court grants an award.
Award of $8,630.00.