No. 35,804

VIRGINIA BABB, *Appellant,* v. MABEL C. ROSE and HUBERT B. ROSE, *Appellees.*

(134 P. 2d 655)

Opinion filed March 6, 1943.

*Virginia Babb,* of Wichita, argued the cause, and *L. P. Brooks,* of Wichita, was on the briefs for the appellant.

*Austin M. Cowan,* of Wichita, argued the cause, and *C. A. McCorkle, W. A. Kahrs, Robert H. Nelson* and *Henry L. Butler,* all of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

HOCH, J.: Plaintiff sought to enjoin the construction of certain buildings in Wichita, alleging that their erection on the sites in question would violate the zoning ordinance. Defendants demurred to the petition. The demurrer was sustained and the plaintiff appeals.

It is unnecessary to set out in full the recitals and averments of the petition. Plaintiff resided in a residence district, designated on the official plat as an "RB Residence District," and stated in her petition that the action was brought "for herself and for all other parties, similarly situated, who may desire to join herein." At the time the petition was filed Ordinance No. 12-683, known as "the zoning ordinance," was then in effect. Section 4 of the ordinance, relating to the kind of buildings that might be erected in an "RB Residence District," read as follows:

"RB Residence District—That in the 'RB' Residence District, as defined in the terms of Section Two of this ordinance, no building or premises shall be used, and no building shall be hereafter erected or altered, unless otherwise provided in this ordinance, except for one or more of the following uses:

"1. Any use permitted in the 'A' Residence District,

"2. Four-Family Dwellings exclusive of quarters for custodian."

In her petition plaintiff made specific reference to five building permits issued to the defendants—these permits being identified by exhibits marked A, B, C, D, and E. It was also alleged that the defendants had filed application for permits to construct certain other buildings, consisting of "five structures, containing four units each, constituting apartments, group houses and/or row houses, aggregating twenty (20) family units on ten (10) 25-foot lots." It was not alleged that permits had been issued in the latter group and the city authorities were not made parties to the action. Furthermore, appellant in setting out in her brief the pertinent portions of the petition omits the paragraph which relates to the latter group and she makes no reference to it in her argument. We therefore consider only the permits set out in Exhibits A to E inclusive. It may also be noted that as far as the record shows no temporary injunction or restraining order was asked or issued and that the petition—obviously an amended petition, though the record does not

so state—recites, in paragraph 18, "That since the date of filing this petition, said buildings have been completed"—referring, presumably, to the buildings erected under authority of permits shown by the exhibits.

Permit A 16444 (exhibit A) was for the erection of a "structure . . . to be used for 4 Family residence." Permit A 16445 (exhibit B) was for a "structure . . . to be used for 4 family residence." Permit A 16842 (exhibit C) was for a "structure . . . to be used for four-family apts." Permit A 16843 (exhibit D) was a "structure . . . to be used for four-family apts." Permit A 16844 (exhibit E) was for a "structure . . . to be used for four-family apt. house."

·It will be noted that section 4, *supra,* of the ordinance permitted the erection, in "RB" districts, of "four-family dwellings exclusive of·quarters for custodian." "Four-family dwellings" were not defined in the ordinance, but—as appellees point out—the ordinance did define a "two-family dwelling" as "A building used or intended to be used as a dwelling by not more than two families." (Section 1, Definitions.) It is not contended that any of the buildings for which permits A to E were issued was intended for use, or is being used, for more than four families. The trial court held that the petition did not state a cause of action, saying: "The Court is of the opinion that 'four-family dwellings exclusive of quarters for custodian' includes '4 family residence,' 'four-family apts.' and 'four-family apt. house,' hence, the permits were not wrongfully issued." The interpretation given the ordinance by the trial court has not been shown to be erroneous and we find no grounds for reversing the judgment denying the injunction. This conclusion is fortified by the rule that statutes in derogation of the natural rights of persons over their property are strictly construed, (59 C. J. 1124-1127; *Gray v. Stewart,* 70 Kan. 429, 432, 78 Pac. 852) and also by the rule that the power to issue injunction is to be cautiously exercised and a broad measure of discretion is recognized. (32 C. J. 29; 28 Am. Jur. 217, 218; *Atchison, T. & S. F. Rly. Co. v. Hamilton,* 130 Kan. 685, 689, 288 Pac. 560 and cases there cited.)

Appellees contend that subsequent to the judgment the ordinance in issue was repealed and a new zoning ordinance enacted which—they aver—specifically permits the erection in "RB" districts of buildings such as those here involved, and that therefore the question presented has become moot and the action should be dismissed.

In view of the conclusion already stated it is unnecessary to consider that question or others that are argued.

The judgment is affirmed.