No. 39,246

ZED R. DANIELS and FLORA M. DANIELS, *Appellees*, v. WOOD CONSTRUCTION CO., INC., *Appellant.*

(267 P. 2d 517)

Opinion filed March 6, 1954.

*Marion C. Miller*, of Kansas City, argued the cause and *Edward A. Benson, Jr.*, of Kansas City, was with him on the briefs for appellant.

*K. U. Snyder*, of Overland Park, was on the brief for appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action in which plaintiffs sought actual and punitive damages alleged to have resulted from fraud and deceit of defendant's agent who negotiated a sale to plaintiffs of a residence property in Rayven Plains, a subdivision of Johnson county. The appeal is from an order of the trial court overruling defendant's demurrer to plaintiffs' amended petition.

On some date not shown plaintiffs filed their petition in the district court. To this petition defendant filed a lengthy motion to strike certain parts and to make more definite and certain other parts. On some date not shown the court sustained the motion in five particulars and overruled it in others. Thereafter and at some date not shown the plaintiffs filed an amended petition. To this the defendant filed a demurrer upon the grounds that it, ". . . does not state facts sufficient to constitute a cause of action." On May 22, 1953, the court overruled the demurrer stating, ". . . Action appears to be one for deceit sufficiently stated by the amended

petition, and defendant's demurrer is overruled. . . ." About June 1, defendant served and filed its notice of appeal ". . . from the order rendered and made in the above entitled action on May 22, 1953, whereby the court overruled the defendant's demurrer to the plaintiffs' amended petition."

In the brief filed by appellant here no attention was paid to our rule No. 6, (3) (*b*), which requires:

"A statement of the question involved, or separately numbered statements of the several questions involved, in very brief and very general terms, to enable the court to acquire immediate comprehension of the nature of the controversy."

The brief deals almost entirely with alleged errors of the trial court in overruling parts of the defendant's motion to strike and make more definite and certain. Appellant did not appeal from those rulings and is not entitled to complain of them here. Our pertinent statute 1951 and 1953, 60-3314a, supplements to G. S. 1949, reads:

"When an appeal or cross-appeal has been timely perfected the fact that some ruling of which the appealing or cross-appealing party complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling."

In *Herron v. Chappell,* 174 Kan. 350, 255 P. 2d 632, paragraph 1 of the syllabus sets out the substance of the statute and paragraph 2 reads:

"The right to review mentioned in the preceding paragraph includes all rulings specified in the notice of appeal."

See, also, *Holmes v. Kalbach,* 173 Kan. 736, 252 P. 2d 603, syllabus 2, and the opinion p. 740, 741. The result is that the record and the brief present no question for our review.

Notwithstanding that, we have examined the first amended petition and agree with the statement made by the trial court when it overruled defendant's demurrer thereto. Finding no error in the record the judgment of the trial court is affirmed.