No. 42,620

The State of Kansas ex rel. Glen Tongier, County Attorney of
Montgomery County, Kansas, *Appellant,* v. Cecil Reed and Roy
Widick, d/b/a Reed and Widick Feed Store, *Appellees.*

(375 P. 2d 588)

Opinion
filed November 3, 1962.

*Warden L. Noe,* special assistant attorney general, argued the cause; and
*William M. Ferguson,* attorney general, *Glen Tongier,* county attorney, and
*B. D. Watson,* assistant county attorney, were with him on the briefs for the
appellant.

*John F. O'Brien,* of Independence, argued the cause, and *John P. Quinlan,*
of Independence, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Parker, C. J.: This is an appeal from an order and judgment
denying injunctive relief.

The action was commenced on July, 1960, when the plaintiff
(State) on the relation of the county attorney filed a petition against
the defendant appellees in the district court of Montgomery County.

Subsequently the plaintiff filed an amended petition. Highly
summarized, and identified by the paragraph numbers in which
they appear, such pleading may be said to contains allegations
which, so far as here pertinent, state in substance.

1. That Cecil Reed and Roy Widick are partners d/b/a Reed
and Widick Feed Store in Elk City.

2. That in the operation of the partnership such persons are
engaged in the business of buying and selling grain and other agri-
cultural products and, in carrying on the business, own and operate
a large capacity Howe Platform Vehicle Scale with which they
measure and weigh the products they buy and sell.

3. That under G. S. 1949, 83-124a, the State Sealer of Kansas can promulgate and file with the Revisor of Statutes rules and regulations in regard to measuring and weighing devices, said rules and regulations to include specifications and tolerances for such devices; and that under such rules and regulations he has filed with the Revisor fixed tolerances for scales of the type in question, one of which tolerances is two pounds per 1,000 pounds of test load on weighbeams, reading-face, and unit-weight indications.

4. That on August 28, 1959, the State Sealer personally, and with other state agents, tested the defendants' Howe scale in accord with his regulations. That as a result of the test such scale was found to be false and untrue and not conforming to the standards of accuracy prescribed by state laws and regulations and was thereupon condemned.

5. That on May 18, 1960, defendants' Howe scale was again tested by the State Sealer, the test being conducted in accord with existing state rules and regulations; and that as a result of the test defendants' scale was again found to be false and untrue and not conforming to the standards of accuracy prescribed by such rules and regulations.

6. That although defendants, Reed and Widick, well knew that the Howe scale, as used in their business, was not within the tolerances and specifications prescribed by the State of Kansas for such scales and weighing devices, and was false and inaccurate, said defendants continued to use the same in violation of G. S. 1949, 83-121.

In the prayer of the amended petition the plaintiff asked that the defendants be permanently restrained and enjoined from using the Howe scale in question as a measuring and weighing device and from using such scale in any manner whereby the quantity or weight of any commodity or article of merchandise is determined for the purposes (describing them) set forth in 83-121, *supra.*

Related in the same manner and form as the allegations of the amended petition, the answer of defendants, Reed and Widick, states in substance.

1. That they admit the allegations of paragraphs 1, 2, 3, 4 and 5 of the amended petition, except that they specifically deny the scales referred to in the petition were false and untrue and did not conform to standards of accuracy as specified by the laws and regulations of the State of Kansas.

2. That they specifically allege that the scales referred to in such pleading are not false and untrue and that such scales do and at all times pertinent to the case have given weights which are true, accurate and correct and within the tolerances fixed and set by the regulations promulgated by the State Sealer. In connection with the foregoing allegations this paragraph of the answer charges that the weights of the various commodities, as weighed by the scales owned by the defendants have been compared with weights given by other scales in the community which have been approved by the State Sealer; and, after setting forth at length the numerous tests and comparisons, claimed to have been made by the defendants and other persons, asserts that all tests and comparisons so made for purposes of establishing the accuracy of their scales, disclose the condition of their scales to be as theretofore specifically alleged by them.

3. That defendants' scales have been in the same condition at all times alleged in the amended petition, during which time such scales have weighed very closely and within tolerance of railroad scales and other scales in the community which have been approved by the State Sealer.

4. That the defendants' scales are true and accurate and within tolerances prescribed. That under the circumstances it would be unjust and inequitable to issue the injunction prayed for by the plaintiff.

Plaintiff demurred to the defendants' answer on the ground it appears on the face thereof that the alleged defense as stated in paragraphs 2, 3 and 4 of such pleading does not state facts sufficient to constitute a defense to the action or any part thereof. This demurrer was overruled on November 7, 1960. Some months thereafter the case came on for trial by the court on issues joined by the pleadings.

At the close of a long and spirited trial, in which the plaintiff produced two witnesses, one being the State Sealer and another an employee of the State Board of Agriculture whose duties were to test heavy scales in the east half of Kansas, and the defendants produced eighteen or twenty witnesses, the trial court announced that, having examined the files, having heard the evidence, and having duly considered the matter, it found that judgment should be rendered in favor of the defendants and against the plaintiff. Thereupon it adjudged and decreed that the prayer of the plain-

tiff's petition for an injunction be denied and that defendants have judgment.

Thereafter, and in due time, plaintiff filed a motion for a new trial. When this motion was overruled plaintiff, under a notice of appeal dated May 2, 1961, gave notice that it was appealing from the trial court's judgment of March 15, 1961, whereby it was by the court adjudged that the prayer of plaintiff's petition be denied and that judgment be rendered in favor of the defendants. Thereafter, and on May 8, 1961, plaintiff gave an amended notice of appeal stating that it was appealing from the trial court's judgment of March 15, 1961, where it was by the court adjudged that the prayer of plaintiff's petition asking for an injunction against the defendants be denied; and was also appealing from the order and judgment rendered by such court on April 1, 1961, overruling plaintiff's motion for a new trial.

Notwithstanding it did not appeal from the order of November 7, 1960, overruling its demurrer to the answer within two months from the date of that ruling, as authorized by G. S. 1949, 60-3309, and failed to include such ruling in either its notice of appeal or its amended notice of appeal, as permitted by G. S. 1961 Supp., 60-3314a, appellant's first specification of error is that the trial court erred in making such ruling. The short, but all-decisive, answer to this claim of error is that it is not before us. Under repeated decisions this court has long been committed to the rule that rulings on motions or demurrers, not included in the notice of appeal are not subject to appellate review. For just a few of our numerous decisions, where the subject is considered and discussed and the rule applied, see *Holmes v. Kalbach,* 173 Kan. 736, 252 P. 2d 603; *Daniels v. Wood Construction Co.,* 175 Kan. 877, 267 P. 2d 517; *Baker v. Maguire's, Inc.,* 176 Kan. 579, 580, 272 P. 2d 739; *Nicholas v. Latham,* 179 Kan. 348, 351, 295 P. 2d 631; *Bortzfield v. Sutton,* 180 Kan. 46, 299 P. 2d 584; *Dryden v. Rogers,* 181 Kan. 154, 156, 309 P. 2d 409; *Schindler v. Ross,* 182 Kan. 277, 282, 283, 320 P. 2d 813; *Clarkson v. Mangrum,* 186 Kan. 105, 348 P. 2d 607; *Rudy v. Whaley,* 188 Kan. 118, 120, 360 P. 2d 863; *Ford v. Sewell,* 188 Kan. 767, 769, 770, 366 P. 2d 285; *Donaldson v. State Highway Commission,* 189 Kan. 483, 370 P. 2d 83; *American State Bank v. Holding,* 189 Kan. 641, 371 P. 2d 167.

From what has been heretofore related—particularly since the involved statute (G. S. 1949, 83-121) authorizes injunctive relief

and decisions (see, *e. g., State, ex rel., v. Cooper*, 147 Kan. 710, 716, 717, 78 P. 2d 884, and cases there cited) dealing with somewhat similar enactments hold that that remedy may be invoked even though other remedies are available—it appears that, under the issues presented by the pleadings on which the instant case was tried and submitted, the primary question for decision by the trial court was whether appellees were operating their Howe scales outside, in other words in violation of, the specifications and tolerances promulgated and filed by the State Sealer with the Revisor of Statutes under the provisions of G. S. 1949, 83-124a.

In connection with one of its specifications of error appellant devotes much time and space in its brief to a contention the trial court erred in considering possible alternate remedies as a basis for denial of injunctive relief, *i. e.,* a criminal prosecution and a civil action for damages under the provisions of 83-121, *supra,* when the same section of the statute specifically authorized injunctive procedure as a proper remedy. In support of this contention it flatly states the appeal is here on the theory the court misconstrued the remedy. We do not believe the record warrants any such conclusion. It is true that, preliminary to the announcement of its decision, the trial court wandered somewhat far afield by pointing out the other remedies available to the appellant under the statute and indicating that in view of such remedies it had some doubt whether, under the circumstances disclosed by the evidence, it ought to grant the remedy of injunction. However, after mentioning such matters, the court stated in substance, not once but twice, that it was not going to base its decision upon that ground. Having made that announcement it went on to say "One man says the situation is true and another man says it isn't. Personally, I don't know whether it is or not. There is some evidence both ways, so under the circumstances the court is going to render judgment for the defendant on the petition." Thereupon the court proceeded to render a judgment wherein, according to the journal entry of judgment which is approved by counsel for both parties, it adjudged and decreed that the prayer of plaintiff's petition be denied and that judgment be rendered in favor of the defendants.

After careful consideration of its above mentioned statements we are convinced the trial court based its decision and judgment upon the grounds (1) that appellant had failed to establish its right to an injunction by a preponderance of the evidence, as required

by law (28 Am. Jur., Injunctions, § 279, p. 792; 43 C. J. S., Injunctions, § 192, p. 892, and citing cases) and (2) that it was denying the relief prayed for in the petition because of state of the evidence adduced by the parties was such as to leave it in doubt whether an injunction should be granted—and we so hold. It follows appellant's contentions with respect to the claim of error now under consideration lack merit and cannot be upheld.

Another specification of error is that the court erred in rendering judgment for appellees when there was no substantial competent evidence to support same, and when there was substantial competent and conclusive evidence to support appellant's petition and cause of action. It would add nothing to our reports to detail the testimony of the witnesses to whom we have heretofore referred and we are not inclined to do so. It suffices to say we have carefully examined all evidence of record and, that after doing so, we find on the one hand substantial competent evidence on the part of appellant's two witnesses which, if believed, would sustain its view as to the condition of the scales in question and, on the other, glean from the evidence of appellees' numerous witnesses substantial competent evidence which, if believed, would sustain appellees' position such scales were within the tolerances fixed by the State Sealer and, therefore, were not being operated by appellees in violation of the specifications and tolerances promulgated and filed by that official with the Revisor of Statutes. With evidence, as indicated, it becomes obvious this claim of error is not supported by the record.

Finally, with respect to its claim the trial court's action in overruling its motion for a new trial was erroneous, appellant contends the court erred in permitting, over its objection, certain witnesses to testify as to matters which were incompetent, irrelevant, and immaterial, and certain matters which were conclusions and hearsay. For reasons to be presently stated it is impractical and would serve no useful purpose to prolong this opinion by detailing the evidence complained of. The abstract fails to disclose any motion to strike such evidence was made and overruled. In such a situation, under all our decisions, since the trial was by the court, even if it be assumed the objections were otherwise good, there is no presumption such evidence, if improperly admitted, was considered or entered into the trial court's final decision of the case. Moreover, it must be remembered that the admission of incompetent evidence,

irrespective of whether it was considered, does not constitute reversible error or require the granting of the motion for a new trial where—as here—there is other competent evidence to sustain the judgment. For decisions supporting the conclusions just announced see *In re Estate of Walker,* 160 Kan. 461, 463, 464, 163 P. 2d 359; *In re Estate of Wittman,* 161 Kan. 398, 402, 168 P. 2d 541; *Bradbury v. Wise,* 167 Kan. 737, 748, 208 P. 2d 209; *Harrington v. Propulsion Engine Corp.,* 172 Kan. 574, 583, 241 P. 2d 733; *Spencer v. Supernois,* 176 Kan. 135, 140, 268 P. 2d 946; *In re Estate of Johnson,* 176 Kan. 339, 346, 270 P. 2d 293.

We have already spent more time on this case than the record deserves. Summing up, and keeping in mind, (1) the reasons assigned by the trial court for its decision and judgment denying injunctive relief; (2) the irrefutable rule that the trial court is the trier of fact and that its determination thereof will not be disturbed if supported by evidence; and (3) the established rule that an injunction should be denied where the evidence is such as to leave the trial court in doubt as to whether an injunction should be granted (see 43 C. J. S., Injunctions, § 192 pp. 890, 891; 28 Am. Jur., Injunctions, § 25, p. 516), we are convinced the facts of record in this case bring it squarely within the established rule of this jurisdiction (see, *e. g., Borgen v. Wiglesworth,* 189 Kan. 261, 369 P. 2d 360; *Smith v. City of Kansas City,* 167 Kan. 684, 208 P. 2d 233; *Babb v. Rose,* 156 Kan. 587, 134 P. 2d 655) that except in cases where a statute gives an absolute right to an injunction, its granting or refusal rests in the sound discretion of the court under the circumstances and facts in the particular case.

We have carefully examined the entire record and fail to find anything which warrants or permits a conclusion the trial court's action in denying the injunction constituted an abuse of the discretion vested in it under our decisions. Therefore its judgment must be affirmed. It is so ordered.