## Richmond

### Bob Mullins

### v.

### Jim Greer, et al.

Record No. 811252.

January 20, 1984.

Present: All the Justices.

*Wade W. Massie (James P. Jones; Buddy H. Wallen; Penn, Stuart, Eskridge & Jones; Buddy H. Wallen,* P.C., on brief), for appellant.
*John M. Farmer (Wolfe, Farmer & Kern,* on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal, we consider the rights and responsibilities of a property owner who is confronted with surface water. The appellees[1] instituted a chancery suit against Bob Mullins to secure a mandatory injunction. They alleged that Mullins had erected an earthen embankment obstructing and diverting a stream, which caused large quantities of water to be discharged on their lands. Mullins denied the existence of the stream and claimed he properly constructed the embankment to divert surface water from his property.

After receiving the evidence, which was taken by depositions, the trial court viewed the area involved. The court concluded that Mullins had "diverted the flow of surface water from its natural drainage . . . to the property of the Complainants" and ordered him to remove the embankment. Mullins appeals this judgment.

Because the appellees prevailed in the lower court, we must view the evidence in the light most favorable to them. The surface water which is the subject of this suit flows from a hollow in a well-defined natural channel resembling a creek bed. Mullins built his house in a natural drainage area directly behind the channel, and following periods of heavy rainfall, his property flooded.

---

[1] In addition to Jim Greer, the other appellees are Janice Greer, Harry Lee Arrington, Janice Arrington, Bobby Lee Elkins, Janet Elkins, Elbert T. Turner, Grace Turner and Becky France.

To prevent further flooding, Mullins filled the natural channel with dirt and erected an earthen embankment 125.5 feet long and one and one-half feet high. This obstruction diverted the flow of the water, causing it to be discharged upon the appellees' lands.

The trial court, in its memorandum opinion, held that Mullins knew or should have known that he had built his dwelling in a natural drainage basin which would "expose the residence to perilous amounts of surface water during heavy rainfall." The embankment he constructed within the basin diverted the water to the appellees' property. The court found that *"[t]he natural hollow which nature provided for drainage of surface water is obvious"* (emphasis added) and that the embankment was "causing a large volume of water, with silt and debris, to be deposited on the Complainants. The evidence clearly establishes this finding and the view of the terrain illustrates that the construction of the embankment now serves as a barrier in the center of the natural drainage basin."

Surface water is defined as water "diffused over the surface of the ground . . . until it reaches some well defined channel." *Howlett* v. *South Norfolk,* 193 Va. 564, 568, 69 S.E.2d 346, 348 (1952). We apply the modified common-law rule to surface water. *Seventeen, Inc.* v. *Pilot Life,* 215 Va. 74, 77, 205 S.E.2d 648, 651 (1974). Under this rule, surface water is a common enemy, and each landowner may fight it off as best he can, "provided he does so reasonably and in good faith and not wantonly, unnecessarily or carelessly." *McCauley* v. *Phillips,* 216 Va. 450, 453, 219 S.E.2d 854, 858 (1975). Accordingly, one may, in the reasonable development of his property, grade it, *Mason* v. *Lamb,* 189 Va. 348, 53 S.E.2d 7 (1949), or erect a building thereon, *Motor Company* v. *Furn. Company,* 151 Va. 125, 144 S.E. 414 (1928), and not be liable for discharging additional diffused surface water as a result thereof.

The rule is subject to well-defined exceptions. Under one exception, a landowner may not injure another by interfering with the flow of surface water in a natural channel or watercourse which has been worn or cut into the soil. *McGehee* v. *Tidewater R. Co.,* 108 Va. 508, 62 S.E. 356 (1908); *Cook* v. *Seaboard Ry.,* 107 Va. 32, 57 S.E. 564 (1907); *Norfolk &c., R. Co.* v. *Carter,* 91 Va. 587, 22 S.E. 517 (1895).

We first recognized this exception in *Carter.* There, the defendant railroad company constructed a roadbed, but failed to build

culverts. The culverts were necessary to carry away surface water which, prior to the construction, flowed by "natural channels" into a nearby river. *Id.* at 591, 22 S.E. at 518. We affirmed a recovery by Carter.

Mullins contends that the trial court did not rely upon any exception to the general rule, that no exceptions were established by the evidence, and that the court simply misapplied the rule.[2] We do not agree.

█ Not only does the trial court's opinion suggest that Mullins acted unreasonably in diverting the surface water (a factor to be considered in applying the general rule), but a fair reading of the opinion, especially the portions quoted above, clearly indicates that the court relied upon the "natural channel" exception. We conclude that the evidence fully supports this finding. For example, one witness described the channel as a "creek," and testified regarding "the natural flow of the creek." Another said, "the steam channel . . . was stopped up" by Mullins. Still another testified that "there is a stream there, and it run [sic] right down to where [Mullins] built his house." Moreover, a defense witness described the channel as a "surface stream" and a "wet weather stream."

The trial court, which had the opportunity to view the area, found evidence of a natural watercourse which had been rerouted by Mullins' embankment. Because the court's finding is supported by the evidence, its judgment will be affirmed.

*Affirmed.*

---

[2] Mullins also assigned error claiming that the trial court decided the case on an issue not pleaded. However, we will not consider this issue on appeal because it was not raised in the trial court. Rule 5:21.