## CIRCUIT COURT OF CAMPBELL COUNTY

Joseph G. Atkins et al.

v.

Isaac H. Parsons et al.

May 3, 1991

By JUDGE J. MICHAEL GAMBLE

I am writing this letter to give my opinion on the exceptions to the Report of the Special Commissioner in the above matter. In this regard, I have reviewed the file, briefs, depositions and exhibits in this case. This is a claim by Mr. and Mrs. Atkins for injunctive relief and/or damages as a result of their claim that they have suffered damage from the discharge of water onto their property as a result of certain actions taken by the defendants in this case.

I will not restate the facts that have already been set forth in the depositions, Report of the Special Commissioner, and the legal arguments submitted by counsel. I will, however, mention in this letter some facts that I feel to be persuasive in the evidence that was taken in this case. First, as noted in Exception No. 1 to the Report of the Special Commissioner, the plaintiffs excepted to the finding of the Special Commissioner that the burden of proof is "clear and convincing" in this case. The Court agrees with this exception and finds that the burden of proof in this case is not clear and convincing but is a preponderance of the evidence.

The Special Commissioner cited C. Friend, *Law of Evidence in Virginia*, Section 86 (3rd ed. 1988). In Professor Friend's discussion, he candidly notes that there is no clear guidance on the standard of proof in equitable

actions. He merely notes that "equitable actions usually require proof by a standard which is higher than standards required in actions at law." However, he gives no citation for this.

On the other hand, 42 Am. Jur. 2d, *Injunctions*, Section 287, sets forth the basic standard of proof in injunctive actions. There it is set forth that the burden of proof is a preponderance of the evidence in injunctive actions. Also, it seems logical to the Court that as far as the damage action is concerned, the burden of proof is a preponderance of the evidence as it is in most damage actions at law. Accordingly, the Court finds that the burden of proof on the plaintiffs in this case is not clear and convincing evidence but is a preponderance of the evidence. *See also, Staten v. Reed*, 190 Kan. 376, 375 P.2d 588.

The real issues in this case, however, are whether or not the plaintiffs have proved by the greater weight of the evidence that they are entitled to either injunctive relief, or damages, or both.

In determining whether or not the plaintiffs are entitled to some relief, the Court must apply the law as established by the Supreme Court of Virginia in surface water cases. As the parties have set forth in their excellent briefs, the State of Virginia applies the "modified common law rule" to surface water. In *Mullins v. Greer*, 226 Va. 587, 589 (1984), the Supreme Court of Virginia held each landowner may fight off, as best as he can, surface water, provided he does so reasonably, in good faith and not wantonly, unnecessarily or carelessly. The Court further notes that a person, in the reasonable development of his property, may grade it or erect a building on it and not be liable for discharging additional surface water as a result. 226 Va. at 589. The rule set forth in *Mullins v. Greer* is subject to certain exceptions. Primary among those exceptions is that a landowner may not injure another by interfering with the flow of surface water in a natural channel or watercourse that has been worn or cut in the soil. 226 Va. at 589.

In the instant case, the plaintiffs assert that they were damaged by surface water from the Parsons property which came to their property either as a result of rainfall or as a result of interference with a 15 foot drainage easement and/or natural ditch or ravine which carried

water off of both the Parsons and Atkins lots. It appears from the evidence that the ditch or ravine is located essentially on the fifteen foot wide easement that is set forth on the subdivision plats. In essence, the plaintiffs argue that either the filling of the natural ravine (ditch) or platted easement with fill material caused excessive water and flooding to occur on the plaintiffs' property or that the defendants unreasonably caused surface water to come onto the plaintiffs' property and damage that property.

Based upon the evidence, it is clear that the ravine (ditch) that passes through the Parsons property is a natural drainage ditch or ravine. Also, regardless of whether Campbell County has any interest in the fifteen foot wide drainage easement, this is an easement that serves the subdivision. By virtue of placing the subdivision plat on record, the subdivider placed a burden and benefit on 'the properties which are served and/or affected by the easement. When a plat is placed on record with an easement thereon, then all owners in the subdivision share in the burdens and the benefits of such easement. This has been held in the case of *Minner v. City of Lynchburg*, 204 Va. 180, 188 (1963), where the Court recognized an equitable servitude on property where there is a common scheme of development. *See also, Mid-State Equipment v. Bell*, 217 Va. 133, 141 (1976); and *Brown v. Haley*, 233 Va. 210, 218-219 (1987). Therefore, there is little doubt that the easement in the instant case is both a benefit and a burden, and therefore, the 15 foot wide easement crossing both the Parsons lot and the Atkins lot is both dominant and servient to both lots. Further, under the general law of easements, the servient owner may make any use of the land which does not unreasonably interfere with the use and enjoyment of the easement. *Preshlock v. Brenner*, 234 Va. 407, 410 (1987).

The Court finds that the testimony of the experts for the defendants is persuasive in this case.

In particular, Erskine W. Proffitt, a surveyor in the firm of Hurt & Proffitt in the city of Lynchburg, gave his opinion that the water leaves the Parsons lot and goes into a small stream on the Atkins lot which is below the drain tile of Parsons. In his opinion, it is

unlikely that the flow of water off of Parsons would affect the Atkins property. (Tr. 129-136).

Additionally, Alvin Arn, a civil engineer, believes that it was highly improbable that the water from the Parsons lot caused water to enter the Atkins basement. Further, he did not believe that there was a possibility of surface water from the Parsons lot flowing towards the drain tiles on the Atkins lot because an equal amount of force would be exerted by water coming downstream at the small creek. (Tr. 185). Ken Beacraft, Assistant County Administrator, who also holds a civil engineering degree, testified that Parsons followed all of the recommendations made by Beacraft for controlling the run-off. He also did not believe that the drainage ditch or the surface water from the Parsons property affected the Atkins lot. Further, Mr. Beacraft testified that he believed that sound practices for erosion control were followed by Parsons. (Tr. 299).

The plaintiffs did have an expert testify. This was William O. Berkley, a professional engineer. Mr. Berkley agreed that the Parsons ditch would carry a two-year storm run-off. Further, Mr. Berkley agreed that, with the improvements that Parsons had made to the drainage ditch, the conditions caused by the water in February of 1987 would probably not recur. Although Mr. Berkley disagreed with the experts of Parsons on whether or not the actions of Parsons caused the Atkins property to be flooded in 1987, he had not done the mathematical calculations to establish a conclusion that either the surface water flow or the flow from the ravine caused the flooding in the Atkins property.

In order for the plaintiffs to obtain injunctive relief, they must show either that they are going to suffer irreparable harm or that they do not have an adequate legal remedy. In this case, even using the test of a preponderance of the evidence, the plaintiffs cannot show irreparable harm and lack of a legal remedy. *Carbaugh v. Solem*, 225 Va. 310, 314 (1983). It appears that even by the testimony of Mr. Berkley, the expert of the plaintiffs, the defendants have cured the water problem on their property. Therefore, it is unlikely that a irreparable injury will occur in the future. (Tr. 30). Also, there has not been adequate proof, even by a preponderance of

the evidence, that the plaintiffs have suffered injury caused by the actions of Parsons. In *McCauley v. Phillips*, 216 Va. 450, 454 (1975), the Supreme Court of Virginia upheld a decision by the Circuit Court of Albemarle County where it was not established there was "substantial damage" caused to plaintiffs by the increase flow of water from a drain pipe placed on the property of the defendants. In that case, the plaintiffs were seeking both injunctive and monetary relief. The Supreme Court of Virginia, in that case, held that the damage must be substantial and caused by an increase in the flow of water. In the instant case, there is simply no evidence that the actions of Parsons increased the flow of water to the degree that the plaintiffs were damaged and/or suffered irreparable harm. In fact, the preponderance of the evidence is that the defendants, Parsons, did nothing to cause damage to the property of the plaintiffs by either increased flow of surface water unreasonably placed on the property of the plaintiffs or by virtue of interfering with the drainage ditch or ravine, or the subdivision drainage easement.

The essence of *Mullins v. Greer* and *McCauley v. Phillips* is that in order to obtain relief, the plaintiffs must prove that substantial damage was caused to them by the increased flow of water onto their property. The fact that Parsons may have made changes to the natural drainage ditch or ravine, and/or subdivision drainage easement, is not enough standing by itself to give them the right to relief unless they can show that substantial damage was caused by the changes. The same rule would apply to mere surface water.

As both the owner of property that is dominant and servient to the easement, Parsons had every right to make improvements to the easement so long as those improvements did not damage Atkins or any other dominant property owners. The Court finds that the preponderance of the evidence shows that the plaintiffs were not damaged either by Parsons clearing the lot and/or improving the drainage easement and drainage ravine (ditch).

Accordingly, even applying the standard of proof of a preponderance of the evidence, the Court finds that the plaintiffs are not entitled to relief, and except as set forth herein, affirms in all respects the report

of the Special Commissioner and overrules all other exceptions to that report.

The Court directs Mr. Hawkins to prepare an order following the opinion set forth in this letter and dismissing the case of the plaintiffs.

The Court finds that each party shall bear one-third of the Commissioner's charges and the court reporter charges. This means that Mr. and Mrs. Atkins will pay one-third, Mr. and Mrs. Parsons will pay one third, and Campbell County will pay one-third.