Present: All the Justices

PATRICIA G. KURPIEL, ET AL.

                                        OPINION BY
v.  Record No. 112192          JUSTICE DONALD W. LEMONS
                                   September 14, 2012

ANDREW HICKS, ET AL.

          FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                    Sarah L. Deneke, Judge

     In this appeal, we consider whether the Circuit Court of

Stafford County ("trial court") erred when it sustained the

demurrer of Andrew C. Hicks and Tammy L. Hicks (together, the

"Hicks") and dismissed the complaint of Patricia G. Kurpiel and

George L. Kurpiel (together, the "Kurpiels") alleging common

law trespass on the grounds that the Kurpiels did not allege

facts stating a cause of action upon which the requested relief

may be granted.

                 I. Facts and Proceedings Below

     On June 1, 2011, the Kurpiels filed a complaint for

declaratory judgment and civil damages against the Hicks in the

trial court.  The Kurpiels' complaint alleged common law

trespass against the Hicks, arguing that the Hicks "did not

develop their land in a reasonable manner" and that the Hicks

"directed and caused storm water . . . to flow upon the

Kurpiel[s'] property, in such amounts and in such quantity as

to cause damage[s] to the Kurpiel[s'] property and impair its

use."  The Kurpiels sought a declaration of their respective

property rights and monetary damages for the Hicks' alleged trespass. In response, the Hicks filed a demurrer and motion to dismiss, arguing that "the Kurpiels d[id] not allege a basis for declaratory judgment because the acts of the Hicks that the Kurpiels complain[ed] of ha[d] already 'occurred and matured' when their [c]omplaint was filed," and the Kurpiels had "other remedies available." On August 1, 2011, the trial court entered an order sustaining the Hicks' demurrer, without prejudice, as to the Kurpiels' claim for declaratory judgment and permitting the Kurpiels to file an amended complaint.

The Kurpiels subsequently filed an amended complaint containing one count of common law trespass, requesting injunctive relief to prevent the further trespass of surface water onto the Kurpiels property as a result of the Hicks' "unreasonable development of the[ir] adjacent property" and $35,000 in monetary damages. The Kurpiels' amended complaint alleged that the Hicks "did not develop their land in a reasonable manner," in violation of the modified common law rule applicable to surface water and, as a result, directed and caused storm water to run onto the Kurpiels' property, which caused damage, and such unauthorized entry of storm water constituted a trespass.

Specifically, the Kurpiels alleged that the Hicks: (1) began to develop their property, which adjoined the Kurpiels'

2

property, for residential use in early 2007; (2) stripped their land "of virtually all vegetation"; (3) "excessively cleared [their land] in violation of state law and County regulations"; (4) did not utilize proper drainage controls; (5) "left the land unvegetated longer than necessary"; (6) replaced plants along the respective properties' border "with insufficient and inadequate vegetative cover"; (7) "significantly altered the storm water drainage situation, changed the elevation of the land, and brought in additional fill, which . . . caused excessive storm water to flow from the Hicks' property onto the Kurpiel lands"; (8) knew that a storm water problem did not exist prior to their development of their property, but continued to "develop[] their property without regard to creating a new problem"; and (9) failed to control resulting "sediment loads and siltation running onto the Kurpiel[s'] property."

The Kurpiels further alleged that: (1) prior to the Hicks' development of their property, the existing plantings, vegetation, and topography of the land had contained the water runoff; (2) with each significant storm, the discharge of storm water from the Hicks' property physically entered and interfered with the Kurpiels' exclusive possession of their property; and (3) none of the Kurpiels' efforts to control the

3

resulting surface water drainage, "including diversion of roof drains, sand bags and plantings" were successful.

In response, the Hicks filed a "demurrer and motion to dismiss with prejudice," arguing that "[t]he few factual allegations contained in the Kurpiels' [a]mended [c]omplaint [did] not state a cause of action upon which the relief sought" could be granted. The Hicks argued that surface water is a "common enemy" and, under Virginia law, landowners may fight off surface water subject to the exception set forth in Mullins v. Greer, 226 Va. 587, 589, 311 S.E.2d 110, 112 (1984) (stating that "one may, in the reasonable development of his property, grade it or erect a building thereon and not be liable for discharging additional diffused surface water as a result thereof") (internal citations omitted). The Hicks further argued that "the Kurpiels [did] not and cannot allege facts that the Hicks did not develop their property in the 'usual and customary way' . . . ."

The Kurpiels filed a memorandum in opposition to the Hicks' demurrer, arguing that whether the Hicks developed their property in the usual and customary way is only one factor to be considered, and that the modified common law rule applicable to surface water requires consideration of a number of factors related to reasonable use. The Kurpiels argued that the Hicks "significantly altered the storm water drainage, changed the

4

elevation of the land, and brought in additional fill, all causing excessive surface water flow," and these allegations raised questions regarding the reasonableness of the Hicks' actions. The Kurpiels argued that it is immaterial whether the Hicks had a right to build a home on their land, grade it, or fend off surface water; rather, the issue is whether the Hicks "acted reasonably in the development and changes that they undertook," and whether the Hicks undertook "such actions in a reasonable manner so as to not injure the property of another." Accordingly, the Kurpiels argued that they pled sufficient facts to establish a cause of action for trespass.

The trial court sustained the Hicks' demurrer with prejudice, finding that the Kurpiels failed to allege facts sufficient to support a cause of action for trespass. Specifically, the trial court held that the Kurpiels' complaint "fail[ed] to allege facts which could support a claim that the [Hicks'] use of the property [wa]s unreasonable, that the [Hicks] acted in bad faith or with an intention to interfere with [the Kurpiels'] property or that the property modifications were done improperly or carelessly."

The Kurpiels timely filed their notice of appeal, and we granted an appeal on the following assignments of error:

1.  The trial court erred in its interpretation and application of the modified common law rule governing the control of surface water drainage by ruling upon whether Plaintiffs' allegations sufficiently pleaded that Defendants' use of their property is unreasonable rather than whether the Defendants' efforts to control surface water was unreasonable.

2.  The trial court erred in ruling that the Plaintiffs failed to allege sufficient facts to support a cause of action for trespass based on violation of Virginia's modified common law rule [applicable] to surface water where Plaintiffs had alleged that Defendants (1) developed their land in a reasonable[1] manner by excessive[ly] clearing their land and failing to apply proper drainage controls; (2) significantly altered the storm water drainage; (3) changed the elevation of the land; (4) brought in additional fill; (5) cleared vegetation from legally protected areas and between the adjacent properties; (6) performed extensive regrading; and (7) violated county ordinances and state laws for erosion and sediment control, all of which Plaintiffs asserted constituted a knowing, careless and unreasonable use of land which injured Plaintiffs by directing significant surface water and soil erosion onto Plaintiffs' land which had never occurred before.

3.  The trial court erred in ruling that Plaintiffs failed to allege sufficient facts to support a cause of action for trespass where Plaintiffs had alleged that Defendants (1) directed and caused storm water to flow to Plaintiffs' land; (2) which included substantial amounts of silt and sediment; (3) which damaged Plaintiffs['] land by washing out driveways and walkways and washing mud, debris and silt into the waterway adjoining the Plaintiffs' property.

---

[1] The Kurpiels have explained, to our satisfaction, that "[t]here was a typographical error in the statement of the error assigned in the Petition for Appeal." The Kurpiels' Petition for Appeal should have read "developed their land in an unreasonable manner" rather than "developed their land in a reasonable manner."

II. Analysis

A. Standard of Review

Well-established principles guide our review of a trial court's judgment sustaining a demurrer.

> The purpose of a demurrer is to determine whether a [complaint] states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof. Accordingly, we accept as true all properly pled facts and all inferences fairly drawn from those facts. Because the decision whether to grant a demurrer involves issues of law, we review the circuit court's judgment de novo.

Abi-Najm v. Concord Condo., LLC, 280 Va. 350, 356-57, 699 S.E.2d 483, 486-87 (2010) (citations and internal quotation marks omitted).

B. The Trial Court Erred
in Sustaining the Hicks' Demurrer

The Kurpiels argue that the trial court erred in sustaining the Hicks' demurrer as a result of its conclusion that the Kurpiels "failed to allege sufficient facts to support a cause of action for trespass based on violation of Virginia's modified common law rule [applicable] to surface water." We agree with the Kurpiels.

We have previously recognized that an action for common law trespass to land derives from the "general principle of law [that] every person is entitled to the exclusive and peaceful enjoyment of his own land, and to redress if such enjoyment

7

shall be wrongfully interrupted by another." Tate v. Ogg, 170

Va. 95, 99, 195 S.E. 496, 498 (1938).  We have also recognized:

> [A] trespass is an unauthorized entry onto
> property which results in interference with the
> property owner's possessory interest therein.
> Thus, in order to maintain a cause of action for
> trespass to land, the plaintiff must have had
> possession of the land, either actual or
> constructive, at the time the trespass was
> committed.
>
> In addition, to recover for trespass to
> land, a plaintiff must prove an invasion that
> interfered with the right of exclusive possession
> of the land, and that was a direct result of some
> act committed by the defendant.  Any physical
> entry upon the surface of the land constitutes
> such an invasion, whether the entry is a walking
> upon it, flooding it with water, casting objects
> upon it, or otherwise.

Cooper v. Horn, 248 Va. 417, 423, 448 S.E.2d 403, 406 (1994)

(internal citations and quotation marks omitted).

Significantly, for the purposes of this case, Virginia

applies the modified common law rule applicable to surface

water.  Mullins, 226 Va. at 589, 311 S.E.2d at 112.  Under this

rule, "surface water is a common enemy, and each landowner may

fight it off as best he can, provided he does so reasonably and

in good faith and not wantonly, unnecessarily or carelessly."

Id. (emphasis added; internal quotation marks omitted).

We observed in McGehee v. Tidewater Railway Co.:

> Two general rules prevail in the United
> States with respect to surface water, the civil
> law rule and the common law rule. The former is
> thus expressed in the Code Napoleon, sec. 640:

8

"Inferior lands are subjected, as regards those which lie higher, to receive the waters which flow naturally therefrom to which the hand of man has not contributed. The proprietor of the lower ground cannot raise a bank which shall prevent such flowing. The superior proprietor of the higher lands cannot do anything to increase the servitude of the lower."

On the other hand, by what is known as the common law rule . . . "surface water is regarded as a common enemy, and every landed proprietor has the right, as a general proposition, to take any measures necessary to the protection of his property from its ravages, even if in doing so he prevents its entrance upon his land and throws it back upon a coterminous proprietor."

108 Va. 508, 509-10, 62 S.E. 356, 356-57 (1908).

Significantly, however, we further stated in McGehee:

While it is true that this so-called common law doctrine prevails in Virginia, it is, nevertheless, subject to the important qualification, that the privileges conferred by it may not be exercised wantonly, unnecessarily, or carelessly; but is modified by that golden maxim of the law, that one must so use his own property as not to injure the rights of another. It must be a reasonable use of the land for its improvement or better enjoyment, and the right must be exercised in good faith, with no purpose to abridge or interfere with the rights of others, and with such care with respect to the property that may be affected by the use or improvement as not to inflict any injury beyond what is necessary.

Id. at 510, 62 S.E. at 357.

As in this case, the plaintiff in McGehee brought an action for trespass against the defendant to recover damages for losses sustained when the plaintiff's property was flooded.

9

Id. at 509, 62 S.E. at 356.  The defendant railway company in McGehee had "acquired a strip of ground adjoining the plaintiff's lot . . . for its right of way and passenger station and approaches."  Id.  In the construction of a roadbed over its acquired strip of ground, the railway company did not make a "provision for the escape of surface water through its premises by culvert, drain, or otherwise.  The result of that method of construction was to retain and cast back the waters upon the plaintiff's lot."  Id.  The plaintiff's property was subsequently flooded and damaged; nonetheless, the trial court ruled for the defendants in the plaintiff's action for trespass.  Id.

Upon review, we held that the trial court in McGehee "erred in holding, as a matter of law, that no duty rested upon the defendant to supply reasonably adequate means of escape for surface water under its roadbed and through its property."  Id. at 513, 62 S.E. at 358.  We held that the "question, whether or not the company, in the construction of its road and improvement of the grounds and approaches to its station, was reasonably prudent and careful to avoid injury to the plaintiff from the flooding of surface water, ought to have been submitted to the jury."  Id. (emphasis added).

In this case, the Kurpiels' amended complaint alleged one count of trespass, resulting from the Hicks' careless,

10

unnecessary, and unreasonable development of their property, in violation of the modified common law rule applicable to surface water.[2] The Kurpiels' amended complaint alleged that they were the owners of the damaged land in question, and that the Hicks' actions resulted in the interference with the Kurpiels' right to exclusive possession of their land. The Kurpiels further alleged an unauthorized entry onto their land from the Hicks' actions directing and causing storm water, including sediment and silt, to flow from the Hicks' property onto the Kurpiels' property.

Moreover, the Kurpiels alleged in their amended complaint that the Hicks "did not develop their land in a reasonable manner" and that the Hicks' actions were "careless, and unnecessary" because they: (1) stripped their land "of virtually all vegetation, including unauthorized removal of vegetation within the Resource Protection Area, a protected land disturbance zone established by the Chesapeake Bay Preservative Act"; (2) "cleared and/or improperly disturbed these protected areas" on their property; (3) "excessively cleared [their land] in violation of state law and County

_____

[2] The Kurpiels argue on appeal that they pled alternative claims of trespass and violation of the modified common law rule applicable to surface water in the trial court. We disagree; the Kurpiels' amended complaint clearly alleges only one count of common law trespass based upon the Hicks' alleged violation of the modified common law rule applicable to surface water.

11

regulations"; (4) "did extensive regrading of the property"; (5) changed the elevation of the property; (6) "brought in additional fill dirt"; (7) "left the land unvegetated longer than necessary"; (8) demanded the Kurpiels remove plantings along the property border, and then "replaced such plants with insufficient and inadequate vegetative cover"; (9) did not use proper drainage controls; and (10) "failed to control sediment loads and siltation running onto the Kurpiel[s'] property."

Whether the actions taken by the Hicks in developing their property were in fact reasonable, in good faith and not wanton, unnecessary or careless, is a factual question to be decided by the fact finder, not a question of law to be decided on demurrer.  See Mullins, 226 Va. at 589, 311 S.E.2d at 112 (stating that "surface water is a common enemy, and each landowner may fight it off as best he can, provided he does so reasonably and in good faith and not wantonly, unnecessarily or carelessly") (internal quotation marks omitted); McGehee, 108 Va. at 513, 62 S.E. at 358 (concluding that the trial court erred because "[t]he question, whether or not the [defendant], in the construction of its road and improvement of the grounds and approaches to its station, was reasonably prudent and careful to avoid injury to the plaintiff from the flooding of surface water, ought to have been submitted to the jury"). Significantly, "we accept as true all properly pled facts and

all inferences fairly drawn from those facts" when reviewing a trial court's decision to sustain a demurrer.  Abi-Najm, 280 Va. at 357, 699 S.E.2d at 487.

Accordingly, we hold that the Kurpiels' amended complaint alleged sufficient facts to state a cause of action for common law trespass based upon a violation of the modified common law rule applicable to surface water and that the trial court erred in sustaining the Hicks' demurrer.

### III. Conclusion

We hold that: (1) the Kurpiels' amended complaint alleged sufficient facts to state a cause of action for common law trespass based upon a violation of the modified common law rule applicable to surface water; and (2) the trial court erred in sustaining the Hicks' demurrer.  Accordingly, we will reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.