PRESENT: All the Justices

GINA M. COLLETT

OPINION BY
v.  Record No. 141297          JUSTICE CLEO E. POWELL
                               June 4, 2015
GARY B. CORDOVANA, ET AL.


FROM THE CIRCUIT COURT FOR THE CITY OF NORFOLK
Everett A. Martin, Judge

Gina M. Collett ("Collett") appeals the final judgment entered by the Circuit Court for the City of Norfolk ("trial court") on June 26, 2014, sustaining demurrers filed by Gary B. Cordovana, Margaret H. Cordovana (collectively, "the Cordovanas"), Dion C. Hayle, and 1273 West Ocean View, LLC[1] (collectively, "1273 WOV") and dismissing Collett's complaint with prejudice.

## I.  BACKGROUND

Collett owns property located on West Ocean View Avenue in the City of Norfolk.  The Cordovanas own the property located on one side of Collett's property and 1273 WOV owns the property on the other side of Collett's property.

Collett alleged in her second amended consolidated complaint[2] that the Cordovanas and 1273 WOV were "responsible for

---

[1] The property previously owned by Hayle was transferred by deed dated July 10, 2013 to 1273 West Ocean View, LLC.

[2] Collett filed separate complaints against each landowner on July 2, 2013.  The trial court granted Collett leave to amend her complaint on September 6, 2013.  Collett filed a "First

directing massive quantities of water run-off and pollutants from their properties onto [Collett's] property, thus causing significant and ongoing damage, financially and emotionally." Collett claimed that the Cordovanas and 1273 WOV were liable to her "pursuant to theories of trespass, nuisance, negligence per se and ordinary negligence." Collett requested compensatory damages up to $500,000 jointly against the defendants; punitive damages up to $350,000 against each defendant individually; and temporary and permanent injunctive relief.

With respect to the neighboring properties, Collett asserted that "instead of draining to the street, a significant portion of the defendants' rain and storm run-off drains to Collett's property, regularly causing it to flood and sustain damage to both the real estate and [her] personal property." She further alleged that "[t]he run-off includes . . . pollutants." Collett also argued that the water run-off from the Cordovanas' property and 1273 WOV's property violates Norfolk City Code §§ 27-2 and 36-17(b) (the "Norfolk Ordinances").

_____

Amended Complaint" against 1273 WOV on September 6, 2013. The cases were subsequently consolidated and Collett filed a "First Amended Consolidated Complaint" against the Cordovanas and 1273 WOV. The Cordovanas' and 1273 WOV's demurrers were sustained on March 18, 2014 and Collett was again given leave to amend her complaint. Collett filed a "Second Amended Consolidated Complaint" on April 1, 2014, which is the subject of this appeal.

Collett claimed that the Cordovanas and 1273 WOV "modified the topography of their property such that it has exacerbated the problem and essentially guarantees that Collett will suffer water-related damages every time a significant rain event occurs." Specifically, Collett asserted that the Cordovanas' property was altered in March 2010 by "dumping . . . a load of gravel on their parking lot, which raised it approximately four inches. The gravel was graded in such a manner as to ensure that water would flow from the [Cordovanas'] property onto Collett's property." The Cordovanas had "another load of gravel dumped on their rear parking lot, which raised it approximately four inches higher" in August 2013. However, the Cordovanas did not obtain proper permits and the City of Norfolk halted the project.

With regard to modifications by 1273 WOV, Collett asserted that mulch and "other modifications" were added to the property "in an effort to address water issues."

> With the dumping of additional material onto [1273 WOV's] property, it raised the level of the property, and in the absence of drain pumps, an adequate berm, gutters and drain pipes and/or proper grading, the modifications to [1273 WOV's] property and lack of adequate maintenance essentially guaranteed that water would flow onto Collett's property.

Collett sent numerous communications to the Cordovanas and 1273 WOV notifying them that the "large quantities of water

3

cascading from [their] properties" caused "pools of water that take hours and sometimes days to pump out of her backyard." Collett informed the Cordovanas and 1273 WOV that as a result of the standing water, her "property has become a breeding ground for mosquitos and other pests." Collett "often has to board her dog because [her] yard is unusable."

The Cordovanas and 1273 WOV filed demurrers asserting that Collett had failed to allege specific facts to support the causes of action against them. The Cordovanas and 1273 WOV also claimed that Collett's causes of action based on the Norfolk Ordinances were improper. Specifically, they asserted that Collett is not a member of the class of persons the Norfolk Ordinances were designed to protect.

On June 26, 2014, the trial court heard argument, sustained the demurrers "without leave to further amend," and dismissed the matter with prejudice. This appeal followed.

## II. ANALYSIS

> The purpose of a demurrer is to determine whether a [complaint] states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof. Accordingly, we accept as true all properly pled facts and all inferences fairly drawn from those facts. Because the decision whether to grant a demurrer involves issues of law, we review the circuit court's judgment de novo.

4

*Abi-Najm v. Concord Condo., LLC*, 280 Va. 350, 356-57, 699 S.E.2d 483, 486-87 (2010) (citations and internal quotation marks omitted).

Virginia applies a modified common law rule to surface water. At common law, "[s]urface water is defined as water 'diffused over the surface of the ground . . . until it reaches some well defined channel.'" *Mullins v. Greer*, 226 Va. 587, 589, 311 S.E.2d 110, 111-12 (1984) (quoting *Howlett v. South Norfolk*, 193 Va. 564, 568, 69 S.E.2d 346, 348 (1952)). Under the modified common law rule, "surface water is a common enemy, and each landowner may fight it off as best he can, 'provided he does so reasonably and in good faith and not wantonly, unnecessarily or carelessly.'" *Id.* at 589, 311 S.E.2d at 112 (quoting *McCauley v. Phillips*, 216 Va. 450, 453, 219 S.E.2d 854, 858 (1975)). The Court has previously held that

> one may, in the reasonable development of his property, grade it, *Mason v. Lamb*, 189 Va. 348, 53 S.E.2d 7 (1949), or erect a building thereon, *Motor Company v. Furn. Company*, 151 Va. 125, 144 S.E. 414 (1928), and not be liable for discharging additional diffused surface water as a result thereof.

*Id.* "[A] landowner may not injure another by interfering with the flow of surface water in a natural channel or watercourse which has been worn or cut into the soil." *Id.* (collecting cases).

A.  Trespass, Nuisance, and Negligence

"[A]n action for common law trespass to land derives from the 'general principle of law [that] every person is entitled to the exclusive and peaceful enjoyment of his own land, and to redress if such enjoyment shall be wrongfully interrupted by another.'" Kurpiel v. Hicks, 284 Va. 347, 353, 731 S.E.2d 921, 925 (2012).

> [T]o recover for trespass to land, a plaintiff must prove an invasion that interfered with the right of exclusive possession of the land, and that was a direct result of some act committed by the defendant.  Any physical entry upon the surface of the land constitutes such an invasion, whether the entry is a walking upon it, flooding it with water, casting objects upon it, or otherwise.

Id. at 353-54, 731 S.E.2d at 925 (quoting Cooper v. Horn, 248 Va. 417, 423, 448 S.E.2d 403, 406 (1994) (internal citations and quotation marks omitted)).

"The term 'nuisance' includes 'everything that endangers life or health, or obstructs the reasonable and comfortable use of property.'" National Energy Corp. v. O'Quinn, 223 Va. 83, 85, 286 S.E.2d 181, 182 (1982) (quoting Barnes v. Quarries, Inc., 204 Va. 414, 417, 132 S.E.2d 395, 397 (1963)).  "[W]e broadly construe an occupant's right to the 'use and enjoyment of land.'" Bowers v. Westvaco Corp., 244 Va. 139, 144, 419

6

S.E.2d 661, 665 (1992) (quoting <u>Foley v. Harris</u>, 223 Va. 20, 28, 286 S.E.2d 186, 190 (1982)).

> The phrase "use and enjoyment of land" is broad. It comprehends the pleasure, comfort and enjoyment that a person normally derives from the occupancy of land. Freedom from discomfort and annoyance while using land, which inevitably involves an element of personal tastes and sensibilities, is often as important to a person as freedom from physical interruption with use of the land itself. The discomfort and annoyance must, however, be significant and of a kind that would be suffered by a normal person in the community.

<u>Id.</u> at 145, 419 S.E.2d at 665 (quoting <u>Foley</u>, 223 Va. at 28, 286 S.E.2d at 190-91 (citations omitted)).

"A plaintiff who seeks to establish actionable negligence must plead the existence of a legal duty, violation of that duty, and proximate causation which results in injury." <u>Delk v. Columbia/HCA Healthcare Corp.</u>, 259 Va. 125, 132, 523 S.E.2d 826, 830 (2000).

Applying the foregoing definitions of trespass, nuisance, and negligence in conjunction with the modified common law rule applicable to surface water, we hold that the trial court did not err in sustaining the Cordovanas' and 1273 WOV's demurrers as to Collett's claims for trespass and nuisance.

Collett's second amended consolidated complaint only contains specific factual allegations that (1) the Cordovanas added gravel to their parking lot and graded it and (2) 1273 WOV

put mulch on their property and "made other modifications" to the property. Collett had the burden to allege sufficient facts that would support a finding "that in filling in [their] lot[s] the defendant[s] acted wantonly, unnecessarily, or carelessly." Mason, 189 Va. at 355, 53 S.E.2d at 10. We have held that a property owner may, in the reasonable development of his property, grade it and not be liable for discharging the additional diffused surface water. Miller, 226 Va. at 589, 311 S.E.2d at 112. Because the only facts in this case indicate that the defendants dumped gravel and/or put down mulch, Collett failed to plead any facts from which one could conclude that the defendants acted recklessly or carelessly in modifying their properties.

Collett's reliance on Kurpiel in support of her argument that she asserted valid causes of action is misplaced. In Kurpiel, the amended complaint alleged that the defendants' acts were "careless, and unnecessary." Kurpiel, 284 Va. at 356, 731 S.E.2d at 926. Unlike Collett, Kurpiel alleged numerous facts which were sufficient to survive demurrer. Specifically, Kurpiel alleged that the defendants' actions were

> careless, and unnecessary because they: (1) stripped their land "of virtually all vegetation, including unauthorized removal of vegetation within the Resource Protection Area, a protected land disturbance zone established by the Chesapeake Bay Preservative Act"; (2) "cleared and/or

8

improperly disturbed these protected areas"
on their property; (3) "excessively cleared
[their land] in violation of state law and
County regulations"; (4) "did extensive
regrading of the property"; (5) changed the
elevation of the property; (6) "brought in
additional fill dirt"; (7) "left the land
unvegetated longer than necessary"; (8)
demanded the Kurpiels remove plantings along
the property border, and then "replaced such
plants with insufficient and inadequate
vegetative cover"; (9) did not use proper
drainage controls; and (10) "failed to
control sediment loads and siltation running
onto the Kurpiel[s'] property."

Id. (emphasis added). In contrast, Collett's complaint merely states a legal conclusion that "the manner in which the defendants' property has been developed, maintained and altered has been unreasonable, careless and reckless", and "must be viewed as being beyond merely negligent" but fails to state any facts that support her claims.

Collett also argues that pursuant to Rule 3:18, she merely had to raise "[a]n allegation of negligence . . . without specifying the particulars of the negligence." However, because this case applies the modified common law rule applicable to surface water, Collett must allege some negligent action or actions on behalf of the Cordovanas and 1273 WOV. A simple factual recitation that the Cordovanas and 1273 WOV did what the common law allows them to do in maintaining their properties and a bare legal conclusion that they did so negligently is insufficient. Collett's complaint contains no facts to support

9

a finding of negligence by the Cordovanas or 1273 WOV when they modified their properties as permitted under Virginia's modified common law rule regarding surface water.

Accordingly, we hold that Collett's complaint failed to state a valid cause of action for trespass, nuisance, and negligence, and the trial court did not err in sustaining the demurrers filed by the Cordovanas and 1273 WOV.

### B. Negligence per se

> The doctrine of negligence per se represents the adoption of "the requirements of a legislative enactment as the standard of conduct of a reasonable [person]." <u>Butler v. Frieden</u>, 208 Va. 352, 353, 158 S.E.2d 121, 122 (1967). The elements of negligence per se are well-established. First, the plaintiff must prove that the defendant violated a statute enacted for public safety. Second, the plaintiff must belong to the class of persons for whose benefit the statute was enacted, and demonstrate that the harm that occurred was of the type against which the statute was designed to protect. Third, the statutory violation must be a proximate cause of plaintiff's injury.
>
> The first and second of these elements are issues of law to be decided by a trial court . . . .

<u>Kaltman v. All American Pest Control, Inc.</u>, 281 Va. 483, 496, 706 S.E.2d 864, 872 (2011) (citations omitted).

Collett relies on two Norfolk Ordinances as support for her negligence per se claims. Norfolk City Code § 27-2(a) defines public nuisance. Norfolk City Code § 36-17(b) prescribes lot

10

drainage regulations under the rat and mosquito control chapter. Neither ordinance contains a provision for a private right of action like that asserted by Collett. Nor is Collett a member of the class of persons these ordinances were designed to protect. Furthermore, Collett has only asserted that her property has increased surface water due to the fact that the Cordovanas dumped gravel on a parking lot and graded the gravel and that 1273 WOV dumped mulch on their property. None of the assertions made by Collett constitute a public nuisance under Norfolk City Code § 27-2(a). Likewise, none of the assertions made by Collett fall under the rat and mosquito control sections of Norfolk City Code § 36. The purpose of both Norfolk Ordinances is "to protect the public against hazards created" by public nuisances (section 27) and by rats and mosquitos (section 36). Butler, 208 Va. at 354, 158 S.E.2d at 123.

Accordingly, Collett's complaint failed to state a valid cause of action for negligence per se against the Cordovanas and 1273 WOV.

### III. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the trial court.

Affirmed.